IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| **MANGANARO MIDATLANTIC, LLC**<br>6405D Ammendale Rd<br>Beltsville, MD 20705,<br><br>         Plaintiff,<br><br>   v.<br><br>**KBE BUILDING CORPORATION**<br>7150 Columbia Gateway Drive, Suite A<br>Columbia, Maryland 21046,<br>     Serve:<br>     Corporation Service Company<br>     100 Shockoe Slip, Floor 2<br>     Richmond, VA 23219<br><br>and<br><br>**FEDERAL INSURANCE COMPANY**<br>202B Hall's Mill Road<br>Whitehouse Station, New Jersey 08889,<br>     Serve:<br>     CT Corporation System<br>     4701 Cox Road, Suite 285<br>     Glen Allen, VA 23060<br><br>         Defendants. | CLERKS OFFICE U.S. DIST. COURT<br>AT CHARLOTTESVILLE, VA<br>FILED<br>12/26/2019<br>JULIA C. DUDLEY, CLERK<br>BY: /s/ J. JONES<br>     DEPUTY CLERK<br><br><br>Civil Action No.:  3:19-cv-00080 |

## **COMPLAINT**

Plaintiff Manganaro Midatlantic, LLC ("MMA"), by and through undersigned counsel, files its Complaint, and respectfully states as follows upon information and belief:

## **THE PARTIES**

1. MMA is a Maryland limited liability company with a principal place of business of 6405D Ammendale Road, Beltsville, MD 20705. None of MMA's members are citizens of

either Connecticut, New Jersey or Indiana. At all times relevant hereto, MMA was, and is currently, duly registered and licensed to conduct business in the Commonwealth of Virginia.

2. KBE Building Corporation ("KBE") is a Connecticut corporation with a principal place of business at 76 Batterson Park Road, Farmington, CT 06032 that is duly registered and licensed to conduct business in the Commonwealth of Virginia.

3. Federal Insurance Company ("Federal") is an insurance company incorporated in Indiana with a principal place of business at 202B Hall's Mill Road, Whitehouse Station, New Jersey 08889 and is registered to transact insurance and surety business in the Commonwealth of Virginia.

## JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. The controversy is between citizens of different states and the amount in controversy exceeds $75,000.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. In addition, the Project is located within the Western District of Virginia; therefore venue is proper pursuant to Virginia Code § 8.01-262.1.

## FACTUAL BACKGROUND

### A. The Construction Contract

4. On or about November 17, 2017, KBE and The Commonwealth of Virginia and The Rector and Visitors of the University of Virginia (collectively "Owner") entered into a Contract Agreement (the "Construction Contract") for the construction of the University of Virginia Brandon Avenue Upper-Class Housing Project, Project Code 207-B1266-000 (the "Project"). The building is located at 600 Branson Avenue, Charlottesville, VA 22904.

### B. The Payment Bond

5. On or about November 20, 2017, Federal issued Payment Bond Number 82461347 on behalf of KBE, as Principal, in favor of the Owner, and in connection with the Project in the amount of $46,566,980.00 (the "Payment Bond"), a true and correct copy of which is attached hereto as Exhibit 1.

6. The Payment Bond defines a Claimant as "one having a direct contract with the Contractor or with a subcontractor of the Contractor for labor, material, or both for use in the performance of the Contract."  (Ex. 1, Payment Bond p. 1).

**C. The Subcontract**

7. On or about May 15, 2018, KBE and MMA entered into a Subcontract Agreement (the "Subcontract") to furnish and install all drywall, carpentry, and ceiling work at the Project for a lump sum of $3,215,921.00 ("Subcontract Sum") for use in the performance of the Construction Contract. A true and correct copy of the Subcontract is attached hereto as Exhibit 2.

8. The Subcontract provides for increases in the Subcontract Sum for additions to the scope of work.

**D. MMA Duly Performed its Work Pursuant to the Subcontract**

9. MMA commenced its work on the Project in or around October 2018 and continued its work thereafter with diligence and expedition and completed the work required by the Subcontract, as changed by KBE.

10. During the course of the Project, KBE directed MMA to perform substantial changes and additions to the scope of work as set forth in the Subcontract.

11. Additionally, MMA suffered numerous changes to its planned scope of work; was hindered by interference by other trades and poor coordination and management by KBE; and

was otherwise hindered and delayed by KBE in the completion of its scope of work for the Project.

12. As a result, through no fault of its own, MMA incurred substantial additional costs for the labor, materials, and equipment it furnished to the Project for use in performance of the Construction Contract but which remain unpaid.

13. During the course of the Project, MMA informed KBE of such issues and requested compensation for the labor, materials, and equipment it furnished to the Project.

14. KBE and Federal owe MMA an undisputed amount of $430,610.82 calculated as follows:

| **Original Contract Amount:** | $ 3,215,921.00 |
|---|---|
| **Approved Change Orders:** | $ 289,871.00 |
| **Subtotal:** | $ 3,505,792.00 |
| **Amount Paid to Date:** | ($ 2,987,537.82) |
| **Undisputed Amount Due:** | $ 518,254.18 |

15. In addition to the undisputed amount, KBE and Federal also owe MMA approximately $1,008,579.00 for pending changes and costs related to changes in MMA's scope of work; hindrance and interference by other trades and poor coordination and management by KBE; and other hindrances and delays caused by KBE in the completion of its scope of work for the Project. A true and accurate table of the pending change orders is attached hereto as Exhibit 3.

16. Accordingly, KBE and Federal owe MMA a total of $1,526,833.18.

**E. Notice of Payment Bond Claim**

17. MMA last performed work on the Project on August 24, 2019.

18. On or about October 15, 2019, MMA submitted notice that it intended to assert a Payment Bond Claim if not paid in full to KBE and Federal, stating that a claim was being made

under the Payment Bond and, with substantial accuracy, the amount of the claim. A true and accurate copy of MMA's Payment Bond Claim notice is attached hereto as Exhibit 4.

## COUNT I
### (Breach of Contract against KBE)

19. MMA incorporates by reference Paragraphs 1-18 as though set forth fully herein.

20. MMA entered into a valid and enforceable contract with KBE and is entitled to payment for work at the Property.

21. Despite MMA fully and faithfully performing work and furnishing material under the Subcontract, KBE refuses to pay MMA for all amounts due under the Subcontract.

22. KBE's refusal to pay MMA all amounts to which MMA is entitled under the Subcontract constitutes a material breach of contract.

23. KBE's material breach of the Subcontract has caused MMA to incur damages in the amount of $1,526,833.18, plus interest.

## COUNT II
### (Action on Payment Bond against KBE and Federal)

24. MMA incorporates by reference Paragraphs 1-23 as though set forth fully herein.

25. KBE and Federal executed the Payment Bond, pursuant to which they bound themselves jointly and severally to Claimants to pay for labor, materials, and equipment furnished for use in the performance of the Construction Contract.

26. MMA furnished labor, materials, and equipment to the Project pursuant to its Subcontract with KBE for use in the performance of the Construction Contract and is a Claimant under the Payment Bond.

27. On October 15, 2019, MMA sent a notice of its claim against the Payment Bond to KBE and Federal stating that a claim was being made under the Payment Bond and, with substantial accuracy, the amount of the claim.

28. KBE and Federal received the notice of MMA's claim against the Payment Bond.

29. Despite receipt of the notice of MMA's claim against the Payment Bond, Federal failed to promptly pay or arrange for payment of any undisputed amounts.

30. KBE and Federal have failed to pay MMA or arrange for payments to MMA, without justification or excuse, for the labor, materials, and equipment MMA furnished to the Project for use in the performance of the Construction Contract.

**WHEREFORE**, MMA respectfully requests that this Court enter judgment in favor of Plaintiff MMA and against KBE, Federal, and the Payment Bond issued by KBE and Federal in an amount to be determined at trial but for no less than $1,526,833.18, plus interest, fees, and costs; grant MMS its attorneys' fees and costs; and grant such other and further relief as the Court may deem just and equitable.

Dated: December 26, 2019                              Respectfully submitted,

_____/s_____
Christopher A. Taggi (VA Bar 41953)
Asmar, Schor & McKenna, PLLC
5335 Wisconsin Ave., NW Suite 400
Washington, DC 20015
T: 202-244-4264
F: 202-686-3567
ctaggi@asm-law.com

*Counsel for Manganaro Midatlantic, LLC*