# EXHIBIT 1



Bond No 82461347

# HECO-10.1

## STANDARD LABOR AND MATERIAL PAYMENT BOND

**KNOW ALL BY THESE PRESENTS**: That <u>KBE Building Corporation</u> ("Contractor") whose principal place of business is located at <u>76 Batterson Park Road, Farmington, CT 06032</u>, and <u>Federal Insurance Company</u> ("Surety") whose address for delivery of 'Notices' is located at <u>202B Hall's Mill Road, Whitehouse Station, NJ 08889</u>, are held and firmly bound unto the Commonwealth of Virginia and The Rector and Visitors of the University of Virginia, the Owner, (collectively, the "University") in the amount of <u>Forty Six Million Five Hundred Sixty Six Thousand Nine Hundred Eighty and 00/100</u> Dollars ($<u>46,566,980.00</u>) for the payment whereof Contractor and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

**WHEREAS,**

Contractor has by written agreement dated ___November 17, 2017___ entered into a contract with University for <u>University of Virginia Brandon Avenue Upper-Class Housing; Project Code 207-B1266-000</u> which contract (the "Contract") is by reference expressly made a part hereof;

**NOW THEREFORE, THE CONDITION OF THIS OBLIGATION** is such that, if the Contractor shall promptly make payment to all claimants as hereinafter defined, for labor performed and material furnished in the prosecution of the Work provided for in the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions.

The Contractor and Surety, jointly and severally, hereby agree with University as follows:

1. A claimant is defined as one having a direct contract with the Contractor or with a subcontractor of the Contractor for labor, material, or both for use in the performance of the Contract. A "subcontractor" of the Contractor, for the purposes of this bond only, includes not only those subcontractors having a direct contractual relationship with the Contractor, but also any other contractor who undertakes to participate in the Work which the Contractor is to perform under the aforesaid Contract, whether there are one or more intervening subcontractors contractually positioned between it and the Contractor (for example, a subcontractor). "Labor" and "material" shall include, but not be limited to, public utility services and reasonable rentals of equipment, but only for periods when the equipment rented is actually used at the work site.

2. Any claimant who has a direct contractual relationship with the Contractor and who has performed labor or furnished material in accordance with the Contract documents in the furtherance of the Work provided in the Contract, who has not been paid in full therefor before the expiration of ninety (90) days after the day on which such claimant performed the last of such labor or furnished the last of such materials for which he claims payment, may bring an action on this bond to recover any amount due him for such labor or material, and may prosecute such action to final judgment and have execution on the judgment. The University need not be a party to such action and shall not be liable for the payment of any costs, fees or expenses of any such suit.

3. Any claimant who has a direct contractual relationship with any subcontractor of the Contractor but who has no contractual relationship, express or implied, with the Contractor, may bring an action on this bond only if he has given written notice to the Contractor within ninety (90) days from the day on which the claimant performed the last of the labor or furnished the last of the materials for which he claims payment, stating with substantial accuracy the amount claimed and the name of the person for whom the Work was performed or to whom the material was furnished. Notice to the Contractor shall be served by registered or certified mail, postage prepaid, in an envelope addressed to the Contractor at any place where his office is regularly maintained for the transaction of business. Claims for sums withheld as retainages with respect to labor performed or materials furnished shall not be subject to the time limitations stated in this paragraph 3.

4. No suit or action shall be commenced hereunder by any claimant.

   a. Unless brought within one year after the day on which the person bringing such action last performed labor or last furnished or supplied materials, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof, the limitation embodied within this bond shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

   b. Other than in a Virginia court of competent jurisdiction, with venue as provided by statute, or in the United States District Court for the district in which the project, or any part thereof is situated.

5. The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder.

Signed and sealed this __20th__ day of __November__, 2017.

_(signature)_
*Witness*

KBE Building Corporation
*Contractor*                                    (SEAL)
By: _(signature)_
Typed Name: Robert G. Dunn
Title: Vice President & General Counsel

Federal Insurance Company
*Surety*                                        (SEAL)
By: _(signature)_
    *Attorney-in-Fact*

HECO-10.1 (2/27/14) | Page 3 of 4

Typed Name: <u>Susan A. Welsh, Attorney-in-Fact</u>

## AFFIDAVIT AND ACKNOWLEDGEMENT OF ATTORNEY-IN-FACT

COMMONWEALTH OF VIRGINIA
(or alternatively, Commonwealth or State of Illinois )

CITY of Chicago

I, the undersigned notary public, do certify that Susan A. Welsh, whose name is signed to the foregoing labor and material payment bond in the sum of Forty Six Million Five Hundred Sixty Six Thousand Nine Hundred Eighty and 00/100  Dollars ($46,566,980.00) and dated  11/20/17  and which names the Commonwealth of Virginia and The Rector and Visitors of the University of Virginia as obligee, personally appeared before me today in the above jurisdiction and made oath that he/she is the attorney-in-fact of Federal Insurance Company, a Indiana corporation which is the Surety in the foregoing bond, that he/she is duly authorized to execute on the above Surety's behalf the foregoing bond pursuant to the Power of Attorney noted above and attached hereto, and on behalf of the surety, he/she acknowledged the foregoing bond before me as the above Surety's act and deed

She/he has further certified that her/his Power of Attorney has not been revoked.
(The Power of Attorney, or a copy or facsimile thereof, should be attached hereto.)

Given under my hand this 20th day of November, 2017.

_____
Notary Public                                                (SEAL)

My name (printed) is: Nicholas Pantazis

My registration number is: 863050

My commission expires: 10/18/2021

OFFICIAL SEAL
NICHOLAS PANTAZIS
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 10/18/2021

APPROVED:

_____        _____
Attorney General/Designee                               Date

## Power of Attorney

Federal Insurance Company | Vigilant Insurance Company | Pacific Indemnity Company

**Know All by These Presents**, That **FEDERAL INSURANCE COMPANY**, an Indiana corporation, **VIGILANT INSURANCE COMPANY**, a New York corporation, and **PACIFIC INDEMNITY COMPANY**, a Wisconsin corporation, do each hereby constitute and appoint Marcia K. Cesafsky, Debra J. Doyle, Derek J. Elston, Jennifer L. Jakaitis, Judi Lucky-Eftimov, James B. McTaggart, Linda M. Napolillo, Sandra M. Nowak, Diane M. O'Leary, Christina L. Sandoval, Christopher P. Troha, Susan A. Welsh and Sandra M. Winsted of Chicago, Illinois ----------------------

each as their true and lawful Attorney-in-Fact to execute under such designation in their names and to affix their corporate seals to and deliver for and on their behalf as surety thereon or otherwise, bonds and undertakings and other writings obligatory in the nature thereof (other than bail bonds) given or executed in the course of business, and any instruments amending or altering the same, and consents to the modification or alteration of any instrument referred to in said bonds or obligations.

**In Witness Whereof**, said **FEDERAL INSURANCE COMPANY, VIGILANT INSURANCE COMPANY**, and **PACIFIC INDEMNITY COMPANY** have each executed and attested these presents and affixed their corporate seals on this 17th day of **February, 2017**.

Dawn M. Chloros, Assistant Secretary          Stephen M. Haney, Vice President

STATE OF NEW JERSEY
County of Hunterdon    ss.

On this 17th day of **February, 2017** before me, a Notary Public of New Jersey, personally came Dawn M. Chloros, to me known to be Assistant Secretary of FEDERAL INSURANCE COMPANY, VIGILANT INSURANCE COMPANY, and PACIFIC INDEMNITY COMPANY, the companies which executed the foregoing Power of Attorney, and the said Dawn M. Chloros, being by me duly sworn, did depose and say that she is Assistant Secretary of FEDERAL INSURANCE COMPANY, VIGILANT INSURANCE COMPANY, and PACIFIC INDEMNITY COMPANY and knows the corporate seals thereof, that the seals affixed to the foregoing Power of Attorney are such corporate seals and were thereto affixed by authority of said Companies; and that she signed said Power of Attorney as Assistant Secretary of said Companies by like authority; and that she is acquainted with Stephen M. Haney, and knows him to be Vice President of said Companies; and that the signature of Stephen M. Haney, subscribed to said Power of Attorney is in the genuine handwriting of Stephen M. Haney, and was thereto subscribed by authority of said Companies and in deponent's presence.

Notarial Seal

KATHERINE J. ADELAAR
NOTARY PUBLIC OF NEW JERSEY
No. 2316685
Commission Expires July 16, 2019

Notary Public

### CERTIFICATION

Resolutions adopted by the Boards of Directors of FEDERAL INSURANCE COMPANY, VIGILANT INSURANCE COMPANY, and PACIFIC INDEMNITY COMPANY on August 30, 2016:

"RESOLVED, that the following authorizations relate to the execution, for and on behalf of the Company, of bonds, undertakings, recognizances, contracts and other written commitments of the Company entered into in the ordinary course of business (each a "Written Commitment"):

(1) Each of the Chairman, the President and the Vice Presidents of the Company is hereby authorized to execute any Written Commitment for and on behalf of the Company, under the seal of the Company or otherwise.

(2) Each duly appointed attorney-in-fact of the Company is hereby authorized to execute any Written Commitment for and on behalf of the Company, under the seal of the Company or otherwise, to the extent that such action is authorized by the grant of powers provided for in such person's written appointment as such attorney-in-fact.

(3) Each of the Chairman, the President and the Vice Presidents of the Company is hereby authorized, for and on behalf of the Company, to appoint in writing any person the attorney-in-fact of the Company with full power and authority to execute, for and on behalf of the Company, under the seal of the Company or otherwise, such Written Commitments of the Company as may be specified in such written appointment, which specification may be by general type or class of Written Commitments or by specification of one or more particular Written Commitments.

(4) Each of the Chairman, the President and the Vice Presidents of the Company is hereby authorized, for and on behalf of the Company, to delegate in writing to any other officer of the Company the authority to execute, for and on behalf of the Company, under the Company's seal or otherwise, such Written Commitments of the Company as are specified in such written delegation, which specification may be by general type or class of Written Commitments or by specification of one or more particular Written Commitments.

(5) The signature of any officer or other person executing any Written Commitment or appointment or delegation pursuant to this Resolution, and the seal of the Company, may be affixed by facsimile on such Written Commitment or written appointment or delegation.

FURTHER RESOLVED, that the foregoing Resolution shall not be deemed to be an exclusive statement of the powers and authority of officers, employees and other persons to act for and on behalf of the Company, and such Resolution shall not limit or otherwise affect the exercise of any such power or authority otherwise validly granted or vested."

I, Dawn M. Chloros, Assistant Secretary of FEDERAL INSURANCE COMPANY, VIGILANT INSURANCE COMPANY, and PACIFIC INDEMNITY COMPANY (the "Companies") do hereby certify that

(i) the foregoing Resolutions adopted by the Board of Directors of the Companies are true, correct and in full force and effect,

(ii) the Companies are duly licensed and authorized to transact surety business in all 50 of the United States of America and the District of Columbia and are authorized by the U.S. Treasury Department; further, Federal and Vigilant are licensed in the U.S. Virgin Islands, and Federal is licensed in Guam, Puerto Rico, and each of the Provinces of Canada except Prince Edward Island; and

(iii) the foregoing Power of Attorney is true, correct and in full force and effect.

Given under my hand and seals of said Companies at Whitehouse Station, NJ, this 20th day of November, 2017.

Dawn M. Chloros, Assistant Secretary

IN THE EVENT YOU WISH TO NOTIFY US OF A CLAIM, VERIFY THE AUTHENTICITY OF THIS BOND OR NOTIFY US OF ANY OTHER MATTER, PLEASE CONTACT US AT:
Telephone (908) 903-3493    Fax (908) 903-3656    e-mail: surety@chubb.com

Form 15-10- 0225B- U  GEN CONSENT (rev. 12-16)

# FEDERAL INSURANCE COMPANY

STATEMENT OF ASSETS, LIABILITIES AND SURPLUS TO POLICYHOLDERS

Statutory Basis

**DECEMBER 31, 2016**

(in thousands of dollars)

## ASSETS

| | |
|---|---:|
| Cash and Short Term Investments | $ (86,990) |
| United States Government, State and Municipal Bonds | 8,135,311 |
| Other Bonds | 5,471,330 |
| Stocks | 130,689 |
| Other Invested Assets | 1,289,903 |
| **TOTAL INVESTMENTS** | **14,940,243** |
| Investments in Affiliates: | |
| Chubb Investment Holdings, Inc. | 3,727,406 |
| Pacific Indemnity Company | 2,926,619 |
| Executive Risk Indemnity Inc | 1,250,965 |
| Great Northern Insurance Company | 504,162 |
| Vigilant Insurance Company | 319,505 |
| Chubb European Investment Holdings, SLP | 277,361 |
| Chubb Custom Insurance Company | 214,956 |
| Chubb National Insurance Company | 162,929 |
| Chubb Indemnity Insurance Company | 163,668 |
| Other Affiliates | 70,204 |
| Premiums Receivable | 1,510,107 |
| Other Assets | 1,303,050 |
| **TOTAL ADMITTED ASSETS** | **$ 27,371,175** |

## LIABILITIES AND SURPLUS TO POLICYHOLDERS

| | |
|---|---:|
| Outstanding Losses and Loss Expenses | $ 11,482,308 |
| Unearned Premiums | 2,723,875 |
| Ceded Reinsurance Premiums Payable | 566,868 |
| Provision for Reinsurance | 29,339 |
| Other Liabilities | 1,144,976 |
| **TOTAL LIABILITIES** | **15,947,366** |
| Capital Stock | 20,980 |
| Paid-In Surplus | 3,106,809 |
| Unassigned Funds | 8,296,020 |
| **SURPLUS TO POLICYHOLDERS** | **11,423,809** |
| **TOTAL LIABILITIES AND SURPLUS TO POLICYHOLDERS** | **$ 27,371,175** |

Investments are valued in accordance with requirements of the National Association of Insurance Commissioners. At December 31, 2016, investments with a carrying value of $565,702,495 were deposited with government authorities as required by law.

State, County & City of New York, — ss:

Dawn M. Chloros, Assistant Secretary of the Federal Insurance Company being duly sworn, deposes and says that the foregoing Statement of Assets, Liabilities and Surplus to Policyholders of said Federal Insurance Company on December 31, 2016 is true and correct and is a true abstract of the Annual Statement of said Company as filed with the Secretary of the Treasury of the United States for the 12 months ending December 31, 2016.

Subscribed and sworn to before me this March 3, 2017.

*Jeanette Shipsey*
Notary Public

*Dawn M. Chloros*
Assistant Secretary

JEANETTE SHIPSEY
Notary Public, State of New York
No. 02SH5074142
Qualified in Nassau County
Commission Expires March 10, 2019

Form 15-10-0313A (Rev. 3/17)