IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| MANGANARO MIDATLANTIC, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:19-cv-00080 |
| ) | |
| KBE BUILDING CORPORATION, *et al.*, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANTS KBE BUILDING CORPORATION AND FEDERAL INSURANCE COMPANY'S JOINT ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF KBE BUILDING CORPORATION**

Defendants KBE Building Corporation. ("KBE") and Federal Insurance Company ("Federal", and referred to collectively hereinafter as the "Defendants"), by and through their respective undersigned counsel, hereby respond to Plaintiff Manganaro Midatlantic, LLC's (hereinafter "MMA" or "Plaintiff") Complaint and state as follows:

**ANSWER**

**THE PARTIES**

1. The Defendants' lack sufficient knowledge to admit or deny the allegations contained in Paragraph 1 and leave Plaintiff to its proof. To the extent a response is required, Defendants deny the allegations therein.

2. The allegations contained in Paragraph 2 are admitted.

3. The allegations regarding Federal being an insurance company for purposes of this case are denied. Otherwise, the allegations in Paragraph 3 are admitted.

# JURISDICTION[1]

1. The allegations in Paragraph 1 (4, if properly numbered) of the Complaint are questions of law for which no response is required. To the extent a reply is needed, the allegations therein are denied.

2. Plaintiff's complaint references a Commonwealth of Virginia Code section, which is improper and does not provide this Court with jurisdiction. Likewise, the allegations in Paragraph 2 (5, if properly numbered) of the Complaint are questions of law for which no response is required. To the extent a reply is needed, the allegations therein are denied.

# FACTUAL BACKGROUND

### A. The Construction Contract

4. The location of the Project is denied. Otherwise, the allegations in Paragraph 4 are admitted.[2]

### B. The Payment Bond

5. The allegations in Paragraph 5 are admitted.

6. The terms of the Payment Bond speak for themselves. To the extent the allegations in Paragraph 6 are inconsistent with terms of the Payment Bond, they are denied.

### C. The Subcontract

7. The Defendants admit that KBE and MMA entered into a Subcontract agreement, the terms of which speak for themselves. To the extent the allegations in Paragraph 7 are inconsistent with the terms of the Subcontract, they are denied.

---

[1] The Manganaro complaint numbering starts with 1, 2 and 3 and then restarts under Jurisdiction with 1, 2 and 3. To maintain consistency, this Answer responds *in seriatim* with the same numbering system utilized by Plaintiff.

[2] The Manganaro complaint numbering is again off, going from 1 and 2 to 4, there is no paragraph 3. To maintain consistency, Defendants answer utilizing the same numbering *in seriatim*.

8.      The terms of the Subcontract between KBE and MMA speak for themselves. To the extent the allegations in Paragraph 8 are inconsistent with terms of the Subcontract, they are denied.

**D.     MMA's Alleged Performance of Work Under Subcontract**

9.      The Defendants have insufficient knowledge to either admit or deny the commencement date of Manganaro's work on the Project and leave the Plaintiff to its proof. The remaining allegations in Paragraph 9 are denied.

10.     The Defendants have insufficient knowledge to either admit or deny the allegations in Paragraph 10 and leave the Plaintiff to its proof.

11.     The allegations in Paragraph 11 are denied.

12.     The allegations in Paragraph 12 are denied.

13.     The Defendants have insufficient knowledge to either admit or deny the allegations in Paragraph 13 and leave the Plaintiff to its proof. To the extent a response is required, Defendants deny the allegation therein.

14.     The allegations in Paragraph 14 are denied.

15.     The allegations in Paragraph 15 are denied.

16.     The allegations in Paragraph 16 are denied.

**E.     Notice of Payment Bond Claim**

17.     The Defendants have insufficient knowledge to either admit or deny the allegations in Paragraph 17 and leave the Plaintiff to its proof. To the extent a response is required, Defendants deny the allegations therein.

18.     The Defendants admit that the Plaintiff sent the letter attached as Exhibit 4, the terms of which are stated therein. The Defendants deny the claim assertions in the letter.

## COUNT I
### (Breach of Contract against KBE)

19. The Defendants' incorporate the answers of Paragraphs 1 through 18 above as though fully set forth herein.

20. The allegations contained in paragraph 20 constitute a legal conclusion, to which the Defendants' are not required to answer. To the extent a response is required, the allegations contained in paragraph 20 are denied.

21. The allegations contained in Paragraph 21 are denied.

22. The allegations contained in Paragraph 22 are denied.

23. The allegations contained in Paragraph 23 are denied.

## COUNT II
### (Action on Payment Bond against KBE and Federal)

24. The Defendants' incorporate the answers of Paragraphs 1 through 23 above as though fully set forth herein.

25. The terms of the Payment Bond speak for themselves. To the extent the allegations in Paragraph 25 are inconsistent with terms of the Payment Bond, they are denied.

26. KBE admits that the Plaintiff performed certain labor, materials and equipment to the Project, but has insufficient knowledge as to the specific work that is the subject of Plaintiff's claims and leaves the Plaintiff to its proof. The remaining allegations in Paragraph 26 are denied.

27. The Defendants admit that the Plaintiff sent the letter attached as Exhibit 4, the terms of which are stated therein. The Defendants deny the claim assertions in the letter.

28. The Defendants admit receiving the letter attached as Exhibit 4, but deny the claim assertions in the letter or that such receipt was timely.

29. The Defendants deny the allegations in Paragraph 29 are denied, and deny that the Plaintiff's claims are valid.

30. The Defendants deny the allegations in Paragraph 30.

The next paragraph is unnumbered and constitutes an *ad damnum* clause to which no response is required. To the extent that a separate response is required to any unnumbered paragraph, subparagraph, footnote, wherefore clause, prayer for relief, *ad damnum* clause, Defendants deny that Plaintiff is entitled to the requested relief and the allegations set forth therein.

To the extent required, all allegations contained in any headings or footnotes in the Complaint are denied.

All allegations not otherwise expressly admitted herein are denied.

## **Affirmative Defenses**

1. Plaintiff has failed to assert a proper claim on which relief can be granted.

2. Plaintiff's claims are barred by waiver and release.

3. Plaintiff's claims are barred by set-off.

4. Plaintiff's claims are barred by recoupment.

5. Plaintiff's claims are barred by failure to mitigate damages.

6. Plaintiff's claims are barred by the failure of condition precedent..

7. Plaintiff's claims are barred by accord and satisfaction and waiver.

8. Plaintiff's claims are barred by payment.

9. Plaintiff's claims are barred by the doctrine of unclean hands.

10. Plaintiff's damages, if any, were the result of the acts or omissions of other parties for which the Defendants are not responsible.

11. Plaintiff's damages, if any, were caused by Plaintiff's own conduct, breaches and/or negligence or similar conduct by persons for whom Plaintiff is responsible or under the doctrine of first breach, also known as the prevention doctrine.

12. Plaintiff's claims are barred by estoppel.

13. Plaintiff's claims are barred by the absence of consideration.

14. Plaintiff's claims are barred on the basis that they are fraudulent and based on misrepresentations.

15. Plaintiff lacks standing to bring some or all of its claims.

16. Plaintiff's claims are barred by the equitable doctrine of laches.

17. The Plaintiffs claims in whole or in part are barred on the basis the recovery pleaded is contrary to the evidence that this court may consider under the parole evidence rule.

18. The Plaintiff's claims a barred by the terms of the Subcontract.

19. The Plaintiff's claims are barred by the absence of timely notice.

20. The Plaintiff did not fully and properly perform its obligations under the Subcontract.

WHEREFORE, Co-Defendants KBE Building Corporation and Federal Insurance Company hereby request that this Honorable Court deny Plaintiff, Manganaro Midatlantic, LLC's complaint and actions therein in total and grant judgment in favor of the Co-Defendants; and grant such other and further relief as this Court deems just and proper.

**<u>FOR AN ADDITIONAL DEFENSE AND BY WAY OF COUNTERCLAIM</u>**
**(by KBE Building Corporation)**

NOW COMES Counter-Plaintiff/Defendant KBE Building Corporation (hereinafter "Counterclaim Plaintiff" or "KBE"), pursuant to F.R.Civ.P. 13(a)(1) and does hereby allege and

state its counterclaim against Manganaro Midatlantic, LLC, (hereinafter "Counterclaim Defendant") alleges and states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Counterclaim Plaintiff is a corporation organized and existing under the laws of the State of Connecticut, with its principle place of business in Farmington, Connecticut and is duly registered and licensed to conduct business in the Commonwealth of Virginia.

2. Upon information and belief, Counterclaim Defendant is a limited liability company organized and existing under the laws of the State of Maryland with a principle place of business in Beltsville, Maryland which is duly registered and licensed to conduct business in the Commonwealth of Virginia.

3. Subject matter jurisdiction and personal jurisdiction over this cause is conferred upon and vested in the Court under and by virtue of 28 U.S.C. 1332 as this is a dispute between citizens of two different states and the amount in controversy exceeds $75,000.00 exclusive of attorneys' fees, interest and costs.

4. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b)(2), as the subject matter and nexus of this dispute is the Project, which is located within the Western District of Virginia.

5. The amount in controversy in this matter is in excess of $75,000.00 exclusive of attorneys' fees, interest and costs and per F.R.Civ.P. 13(a)(1).

## RELEVANT FACTS & CAUSE OF ACTION FOR BREACH OF CONTRACT

6. Counterclaim Plaintiff entered into a prime contract agreement, dated November 17, 2017, with The Commonwealth of Virginia and The Rector and Visitors of the University of Virginia (collectively, the "University"), whereby Counterclaim Plaintiff agreed to perform

services as a General Contractor to construct a project known as University of Virginia Brandon Avenue Upper-Class Housing Project, Project Code 207-B1266-000 located in Charlottesville, Virginia (hereinafter, the "Project").

7. Counterclaim Plaintiff, in turn, entered into a subcontract agreement with, as is relevant to the case at bar, the Counterclaim Defendant dated March 9, 2018, to provide all labor and equipment needed to furnish and install all drywall, carpentry, and ceiling work at the Project (hereinafter, the "Subcontract"), all in accordance with that Subcontract.

8. Despite being paid for proper Work and despite KBE meeting all of its affirmative obligations under said Subcontract, Manganaro, without excuse or justification, repeatedly and improperly materially breached the Subcontract by, without limitation:

    a. Failing to supply the Project with a sufficient number of skilled workers to complete its work timely and within the workmanship standards of the Subcontract;

    b. Failing to perform its work consistent with the schedule and proper sequencing of its work relative to other trades, thereby delaying, disturbing and interfering with its own work and the work of others, resulting in among other things, claims by other trades for which Counterclaim Defendant is responsible to pay, defend and/or indemnify Counterclaim Plaintiff;

    c. Failing to properly supervise and manage its work, and the work of its sub-subcontractors, efficiently and effectively – and in some cases failed to have any supervision – to achieve the workmanship, quality and schedule requirements under the Subcontract;

    d. Performing work with sub-subcontractors without first obtaining the required approvals of Counterclaim Plaintiff before doing so;

e. Failing to follow the reasonable directions of Counterclaim Plaintiff with respect to, among other things, quality of work, attendance at meetings, manpower needs, available work areas, sequencing of work, and coordination of Counterclaim Defendant's work with that of other trades;

f. Failing to make payment to its subcontractors and/or suppliers consistent with its obligations to them and applicable law;

g. Performing incomplete, inaccurate, defective and deficient work, and thereafter failing to cure those deficiencies after being provided reasonable notice and an opportunity to cure;

h. Failing and refusing to defend, hold harmless, and indemnify the Counterclaim Plaintiff from and against claims of lien by parties providing labor, material and/or equipment with respect to the work required of Counterclaim Defendant under the Subcontract;

i. Failing to provide timely cleanup of its waste and debris, and that of its subsubcontractors and suppliers, from the Project;

j. Failing to attend weekly coordination, safety and other meetings for the Project;

k. Failing to timely provide daily reports for each day Counterclaim Defendant performed (or did not perform) work on the Project;

l. Failing to maintain proper and accurate as-built drawings with respect to its work under the Contract;

m. Misrepresenting the status of its work, the facts and circumstances of the project, and its entitlement to payment in its requisitions for payment and other communications and certifications to the Counterclaim Plaintiff;

n. Abandoning its work without completing its obligations under the Subcontract and failed and refused to return after being provided multiple opportunities to do so;

o. Failing to cooperate, coordinate and reasonably communicate with Counterclaim Plaintiff's project representatives and other trade subcontractors on the Project;

p. Making unreasonable demands for payment of excessive, unsubstantiated and/or misrepresented claims that did not have a reasonable basis in fact or law;

q. Failing to provide timely and proper substantiation for alleged claims upon Counterclaim Plaintiff's reasonable request;

r. Failing to provide Counterclaim Plaintiff reasonable access to review Counterclaim Defendant's books and records for the Project;

s. On information and belief, Counterclaim Defendant and/or its subcontractors for whom Counterclaim Defendant is responsible, failed to follow applicable labor laws with respect to utilizing independent contractors and paying proper wages, benefits and payroll taxes;

t. Failing to perform certain work required under the Subcontract for which a reasonable credit is due;

u. Failing to pay insurance premium credits owned under the Subcontract;

    v.  Counterclaim Defendant is obligated under the Subcontract to pay Counterclaim Plaintiff's reasonable attorneys' fees with respect to Counterclaim Plaintiff's defense and prosecution of claims in this action; and

    w.  Failing to mitigate its alleged damages and the damages incurred by KBE.

  9.  Counterclaim Plaintiff has fully performed its obligations under the Subcontract.

  10.  Despite Counterclaim Plaintiff's repeated demands for the Counterclaim Defendant to cure Counterclaim Defendant's failures, actions and inactions, the Counterclaim Defendant failed and refused to honor its obligations under the Subcontract.

  11.  Counterclaim Defendant's failure to full perform their duties under the Contract constitutes a material breach of the Subcontract.

  12.  As a direct and proximate result of Counterclaim Defendant's breach of the Subcontract, Counterclaim Plaintiff has been damaged.

## **PRAYER FOR RELIEF**

WHEREFORE, KBE Building Corporation asks that this Honorable Court enter a judgment against Manganaro Midatlantic, LLC's affirmative claim, and sustain KBE's Counterclaim and enter a judgment in KBE's favor and against Manganaro Midatlantic, LLC in the amount of at least approximately $800,000.00 plus attorneys' fees, costs and interest (both pre- and post-judgment) and other damages against Manganaro Midatlantic, LLC that may be proven at trial on the merits.

            Respectfully Submitted,

            KILPATRICK TOWNSEND & STOCKTON LLP

Dated: February 6, 2020   By: /s/ Benjamin L. Williams
             Benjamin L. Williams (VA Bar #88591)
             607 14th Street, NW, Suite 900
             Washington, DC 20005

(202) 481-9945 *telephone*
(202) 618-6356 *facsimile*
blwilliams@kilpatricktownsend.com

*Counsel for KBE Building Corporation*

BONNER KIERNAN TREBACH & CROCIATA, LLP

By: /s/ Matthew Johnson
Matthew Johnson (VA Bar # 85094)
1233 20th Street, NW, 8th Floor
Washington, DC 20036
(202) 712-7000 *Telephone*
(202) 712-7100 *Facsimile*
mjohnson@bonnerkiernan.com

*Counsel for Federal Insurance Company*

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing document will be served by the Court's CM/ECF system upon Plaintiff's counsel, Christopher A. Taggi, upon its being filed therewith this 6th day of February, 2020.

                 /s/ Benjamin L. Williams
                 Benjamin L. Williams