IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

MANGANARO MIDATLANTIC, LLC

      Plaintiff

v.                                           Case No. 3:19-cv-00080-GEC

KBE BUILDING CORPORATION
and FEDERAL INSURANCE COMPANY

      Defendants.

## **ANSWER TO COUNTERCLAIM**

Manganaro answers KBE's Counterclaim as follows:

1. Manganaro is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 1 of the Counterclaim, and therefore denies those allegations.

2. Manganaro admits the allegations of paragraph 2 of the Counterclaim.

3. Manganaro admits the allegations of paragraph 3 of the Counterclaim.

4. Manganaro admits the allegations of paragraph 4 of the Counterclaim.

5. Manganaro admits the allegations of paragraph 5 of the Counterclaim.

6. Manganaro admits the allegations of paragraph 6 of the Counterclaim.

7. With regard to the allegations of paragraph 7 of the Counterclaim, Manganaro admits only that it entered into a written subcontract with KBE for the Project, a copy of which Manganaro attached to its Complaint, and that the subcontract defines each party's respective obligations.  Manganaro denies the remaining allegations of the paragraph, including KBE's characterizations of the subcontract.

8. Manganaro denies the allegations of paragraph 8 of the Counterclaim.

9. Manganaro denies the allegations of paragraphs 8(a) through 8(w) of the Counterclaim. Moreover, these allegations are non-factual and conclusory and fail to adequately state a claim against Manganaro.

10. Manganaro denies the allegations of paragraph 9 of the Counterclaim.

11. Manganaro denies the allegations of paragraph 10 of the Counterclaim. Moreover, these allegations are non-factual and conclusory and fail to adequately state a claim against Manganaro.

12. Manganaro denies the allegations of paragraph 11 of the Counterclaim.

13. Manganaro denies the allegations of paragraph 12 of the Counterclaim.

### Defenses under Rule 12(b)(6)

14. KBE fails to state adequate facts in support of its counterclaim and therefore fails to state a claim upon which relief may be granted.

### Affirmative Defenses

15. Manganaro generally denies the Counterclaim and denies that it committed the wrongs alleged.

16. KBE's damages, if any, were caused by KBE's own conduct, breaches, or negligence, or by similar conduct by persons for whom KBE is responsible.

17. KBE's claim is barred by its own supervening breach of contract.

18. KBE's claim is barred the failure of a condition precedent.

19. KBE's claim is barred by the doctrine of accord and satisfaction.

20. KBE's claim is barred by the doctrine of payment and/or release.

21. KBE's claim is barred by the doctrine of waiver.

22. KBE's claim is barred by the doctrine of estoppel.

23. KBE's claim is barred by operation of the statute of frauds.

24. KBE has not sustained actionable damages.

25. KBE has failed to mitigate its damages.

## Reservation

26. Manganaro reserves the right to supplement or amend this answer with additional affirmative defenses or otherwise to the extent additional defenses are revealed during discovery or trial.

Dated: February 26, 2020            Respectfully submitted,

_____/s_____
Christopher A. Taggi (VA Bar 41953)
Asmar, Schor & McKenna, PLLC
5335 Wisconsin Ave., NW Suite 400
Washington, DC 20015
T: 202-244-4264
F: 202-686-3567
ctaggi@asm-law.com

*Counsel for Manganaro Midatlantic, LLC*

## Certificate of Service

I certify that on February 26, 2020, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send notification of such filing (NEF) to all counsel of record.

_____/s_____
Christopher A. Taggi (VA Bar 41953)
Asmar, Schor & McKenna, PLLC
5335 Wisconsin Ave., NW Suite 400
Washington, DC 20015
T: 202-244-4264
F: 202-686-3567
ctaggi@asm-law.com

*Counsel for Manganaro Midatlantic, LLC*