IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

MANGANARO MIDATLANTIC, LLC

Plaintiff,

v.                                                    Case No. 3:19-cv-00080-GEC

KBE BUILDING CORPORATION
and FEDERAL INSURANCE COMPANY

Defendants.

## **MANGANARO'S MOTION TO COMPEL DISCOVERY FROM KBE**

Manganaro Midatlantic, LLC ("Manganaro"), moves to compel answers to interrogatories and production of documents from KBE Building Corporation ("KBE"), and in support thereof states the following:

On March 13, 2020, Manganaro served upon KBE its First Set of Interrogatories and Requests for Production. On June, 1, 2020, after several extensions, KBE supplied Manganaro with incomplete responses and objections. To date, KBE has failed to produce even one of the requested documents.

On November 5, 2020, Manganaro sent KBE a letter outlining the deficiencies in KBE's responses and requesting complete responses and production within ten days. On November 13, 2020, KBE's counsel informed Manganaro that he would review the letter.  Even so, as of the date of this motion, KBE has yet to respond in substantive fashion. As a result of this more than eight-month delay in producing discovery, Manganaro now requests that the Court compel KBE to provide complete answers and to produce the requested documents.

A.      KBE's Incomplete or Evasive Answers to Interrogatories

KBE's responses to interrogatories are insufficient, as outlined in Manganaro's November 5, 2020 deficiency letter, attached herein as Exhibit A and incorporated into this motion by reference. Pursuant to FRCP 37(a)(4), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." KBE's evasive or incomplete answers to Manganaro's interrogatories constitute a failure to respond and this Court should compel KBE to provide complete answers.

B.      KBE's Failure to Produce Any Documents

Furthermore, KBE's utter failure to produce any documents for the last eight months clearly constitutes a failure to respond to Manganaro's discovery requests under FRCP 37(a)(3)(B)(iv). KBE's boilerplate general objections are ineffective and KBE has failed to identify the type of documents that it has in its possession. Courts have widely rejected boilerplate objections as unacceptable. *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co.*, 246 F.R.D. 522, 528–29 (S.D.W. Va. 2007); *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D.Pa.1996) ("[m]ere recitation of the familiar litany that an interrogatory or a document production request is 'overly broad, burdensome, oppressive and irrelevant' will not suffice."). Objections to FRCP 34 requests must be stated specifically, and boilerplate objections regurgitating words and phrases from FRCP 26 are completely unacceptable. *Mills v. E. Gulf Coal Preparation Co., LLC*, 259 F.R.D. 118, 132 (S.D.W. Va. 2009). Therefore, the Court should compel KBE to produce the requested documents.

C.      Attorney's Fees and Court Costs

Pursuant to FRCP 37(a)(5), if the Court grants Manganaro's Motion to Compel Discovery, then "the court must, after giving an opportunity to be heard, require the party or

deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

Accordingly, Mangnaaro respectfully requests that this Court compel discovery from KBE, as set forth herein, and award Manganaro reasonable attorney's fees and court costs related to this Motion.

## FRCP 37(a)(1) Certificate

I certify that I have, on behalf of my client, in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. These efforts included the November 5 letter attached to this motion. On November 13, counsel for KBE responded that he would review the letter but, as of the date of this motion, KBE has yet to respond in substantive fashion or to supplement its discovery responses.

Dated: Nov 20, 2020

Respectfully submitted,

_____/s_____
Christopher A. Taggi (VA Bar 41953)
Asmar, Schor & McKenna, PLLC
5335 Wisconsin Ave., NW Suite 400
Washington, DC 20015
T: 202-244-4264
F: 202-686-3567
Email: ctaggi@asm-law.com
*Counsel for Manganaro Midatlantic, LLC*

**Certificate of Service**

I certify that on Nov. 20, 2020, I will file this document with the Court's ECM/ECF system, which will send a notice of filing to all counsel of record.

_____/s_____
Christopher A. Taggi (VA Bar 41953)
Asmar, Schor & McKenna, PLLC
5335 Wisconsin Ave., NW Suite 400
Washington, DC 20015
T: 202-244-4264
F: 202-686-3567
Email: ctaggi@asm-law.com
*Counsel for Manganaro Midatlantic, LLC*
