

THE PRACTICE OF SOLUTIONS

Charles M. Asmar (DC, MD)
Laurence Schor (DC, MD)
John J. McKenna, Jr. (DC, MD)
Jordan M. Samuel (DC, MD, VA)
Christopher A. Taggi (DC, MD, VA)
David A. Edelstein (DC, MD, VA, NJ)
Tamara M. McNulty (DC, MD, VA, WI)
Sandra D. Buchko (DC, VA)
Robert D. Pratt (DC, VA, MD)
Allison Geewax (DC, MD)

OF COUNSEL
Susan L. Schor (DC)
Brett L. Antonides (DC, VA)
Dennis C. Ehlers (DC, MD)
Eugene E. Tibbs, Jr. (DC, TN)
Honorable J. James McKenna
*Retired* (DC, MD)

November 5, 2020

**Via Electronic Mail**
Lawrence M. Prosen
Benjamin L. Williams
Kilpatrick Townsend & Stockton, LLP
607 14th Street, NW, Suite 900
Washington, DC 20005

Re: KBE's Discovery Responses in *Manganaro Midatlantic, LLC vs. KBE Building Corporation, et al.*, Civil Action No. 3:19-cv-00080

Dear Gentlemen:

On March 13, we served upon your client, KBE Building Corporation ("KBE"), Manganaro Midatlantic, LLC's First Set of Interrogatories and Requests for Production. On June 1, after several extensions, KBE provided us with incomplete responses and objections. To date, KBE has failed to produce even one of the requested documents.

After a careful review of KBE's responses and objections to the Interrogatories, we note the following deficiencies:

### Interrogatories

1. KBE's response to Interrogatory **No. 1** fails to specify each named person's present or last known address and phone number, as requested in the "Instructions" (¶ B) and "Definitions" (¶ d) of Manganaro's First Written Discrovey Requsts to KBE. The response also fails to specify "the subject matter of the information" that KBE claims is possessed by each named person.

2. KBE's response to Interrogatory **No. 5** fails to "itemize" what KBE believes to be the remaining unpaid balance of the Subcontaract, as instructed, and merely provides one figure. The response also fails to provide specific reasons to "explain why KBE has not paid this money to Manganaro," instead cross-referencing its responses to three other Interrogatories and its Counterclaim. Providing voluminous cross-refernceing to other documents, rather than specific answers, is unhelpful and counter-productive. *See Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co.*, 246 F.R.D. 522, 529 (S.D.W. Va. 2007) (finding objections to interrogatories "inappropriate" and "nonresponsive" where respondent referenced many other documents that were previously produced in its responses).

3.      KBE's response to Interrogatory **No. 6** regarding KBE's basis for disputing Manganaro's argument that it is entitled to an increase in the Subcontracto price for various "Pending Open Change Orders" is insufficient. KBE merely refers Manganaro to a lengthy and confusing chart that is attached as an exhibit to the response, along with a cross-reference to KBE's Counterclaim. *See Frontier-Kemper*, 246 F.R.D. at 529.

4.      KBE's response to Interrogatory **No. 7** regarding whether KBE disputes the amount of the various "Pending Open Change Orders" and what KBE contends is the total value of Manganarno's labor and or materials furnished to the Project is insufficient. KBE does not provide a total value of the labor/materials. KBE merely refers Manganaro to its response to Interrogatory No. 6, which itself references a lengthy and confusing chart that is attached as an exhibit. KBE also references its Counterclaim. *See Frontier-Kemper*, 246 F.R.D. at 529.

5.      KBE's response to Interrogatory **No. 8** regarding whether KBE contends, or has ever contended, that the Owner was responsible for an increase to the Prime Contract price due to any of the "Pending Open Change Orders" is provided in a lengthy and confusing chart that was attached as an exhibit to the response. Instead of responding directly to the question, KBE argues that "[s]ubmission to the Owner for consideration is not an admission or representation by KBE that Manganaro has entitlement, and KBE reserves all rights and defenses." This unsolicited argument is non-responsive to the question.

6.      KBE's response to Interrogatory **No. 9** fails to to indicate whether the Prime Contract time had changed.

7.      KBE's response to Interrogatory **No. 10** fails to identify what each payment was for.

8.      KBE's response to Interrogatory **No. 14** regarding KBE's contentions that Manganaro breached or in any way failed to perform the Subcontract fails to answer the question directly and merely provides cross-references to responses for five other Interrogatories, which themselves incorporate further documents. *See Frontier-Kemper*, 246 F.R.D. at 529.

9.      KBE's response to Interrogatory **No. 16** regarding the facts relied upon for KBE's paragraph 8 of the Counterclaim fails to directly answer the question, but rather cross-references numerous other Interrogatories, which themselves incorporate further documents. *See Frontier-Kemper*, 246 F.R.D. at 529.

**Requests for Production**

With regard to KBE's responses to each of Manganaro's Requests for Production, KBE's boilerplate general objections are ineffective and KBE has failed to identify the types of documents that

it has in its possession. Courts have widely rejected boilerplate objections as unacceptable. *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co.*, 246 F.R.D. 522, 528–29 (S.D.W. Va. 2007); *Momah v. Albert Einstein Med. Ctr.,* 164 F.R.D. 412, 417 (E.D.Pa.1996) ("[m]ere recitation of the familiar litany that an interrogatory or a document production request is 'overly broad, burdensome, oppressive and irrelevant' will not suffice."). Objections to FRCP 34 requests must be stated specifically, and boilerplate objections regurgitating words and phrases from FRCP 26 are completely unacceptable. *Mills v. E. Gulf Coal Preparation Co., LLC*, 259 F.R.D. 118, 132 (S.D.W. Va. 2009). As stated above, Manganaro has still not received any of the documents requsted from KBE. These requests were narrowly tailored and KBE should have little difficulty producing them, especially after so much time.

It is our intent to resolve these issues without the need for court intervention, and I am happy to discuss at your earliest convenience. Should these deficiencies not be remedied, and documents produced within the next 10 days, we will have no choice but to file a motion to compel with the Court.

Sincerely,

ASMAR, SCHOR, MCKENNA, PLLC

_____
Christopher A. Taggi
ASMAR, SCHOR & MCKENNA, PLLC
5335 Wisconsin Avenue, NW, Suite 400
Washington, DC 20015
Email: ctaggi@asm-law.com
Phone: 202-244-4264
Fax: 202-686-3567