**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division**

| | |
|---|---|
| **MANGANARO MIDATLANTIC, LLC,** | ) |
| | ) |
| **Plaintiff/Counter-Defendant,** | ) |
| | ) |
| **v.** | )     **Civil Action No. 3:19-cv-00080** |
| | ) |
| **KBE BUILDING CORPORATION,** *et al.,* | ) |
| | ) |
| **Defendant/Counter-Plaintiff.** | ) |

**KBE BUILDING CORPORATION'S RESPONSES & OBJECTIONS TO
MANGANARO MIDATLANTIC, LLC'S FIRST SET OF INTERROGATORIES**

Defendant/Counter-Plaintiff, KBE Building Corporation ("Defendant/Counter-Plaintiff"
or "KBE"), through undersigned counsel and pursuant to Fed. R. Civ. P. 33(b), hereby provides
these objections and answers to the First Set of Interrogatories of Plaintiff/Counter-Defendant,
Manganaro Midatlantic, LLC ("Plaintiff/Counter-Defendant" or "Manganaro"), and states upon
information and belief:

**INTRODUCTORY STATEMENT & RESERVATION:**

KBE reserves the right to amend, revise, and/or modify the answers provided herein as
discovery continues in this matter. The word usage, sentence structure and syntax may be that of
the attorney assisting in the preparation of these answers, and does not necessarily purport to be
the precise language of the executing party. Each and every answer set forth herein is made
subject to the following general objections, regardless of whether a general objection or specific
objections is stated in the answer. The explicit reference to a general objection or the making of a
specific objection in answer to a particular interrogatory is not intended to constitute a waiver of
general objections to which that answer specifically may not refer.

# GENERAL OBJECTIONS

1.      KBE objects to each instruction, definition, document request, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the Court's Local Rules, as applicable.

2.      KBE objects to each and every interrogatory to the extent it seeks information that is subject to the attorney-client privilege, work product doctrine, trial preparation doctrine, or other applicable legal protection or privilege. KBE reserves the right to object to the introduction into evidence before the Court at any time before or at trial information that is privileged under law and that has been revealed inadvertently. KBE does not by these answers waive any claim of privilege or attorney work product.

3.      By providing information in response to these interrogatories, KBE does not concede that such information is relevant, material, or admissible in evidence. KBE reserves the right to object to the use of such information as evidence in trial.

4.      KBE objects to these interrogatories to the extent they seek disclosure of trade secrets or other confidential or proprietary development or commercial information, in the absence of a mutually agreeable protective order.

5.      KBE's objections to these interrogatories are based on the information now known to KBE. KBE has not yet completed discovery of the facts in this litigation and, therefore, reserve their right to amend, modify, or supplement their objections and answers if and when they learns of further responsive information.

## INTERROGATORY RESPONSES & SPECIFIC OBJECTIONS

INTERROGATORY NO. 1: Identify each person whom you contend has discoverable information concerning this litigation, and set forth the subject matter of the information you claim is possessed by that person.

**RESPONSE: In addition to the General Objections, which are incorporated herein by reference, KBE objects to Interrogatory No. 1 as overbroad and unduly burdensome. KBE further objects to Interrogatory No. 1 to the extent it seeks information that is protected by the attorney-client privilege, attorney work product, and trial preparation doctrine. This interrogatory further seeks information that is not proportionate to the needs of the case to the extent that it is already in the possession and knowledge of the Plaintiff and is more appropriate for distribution through relevant documents and deposition testimony.**

**Subject to, and without waiving, its Objections, the following persons likely have relevant information regarding the pending issues in the Plaintiff's Complaint against KBE and the Defendant's Counterclaim:**

1. **KBE Building Corporation**
   a. **David Heavener – Project Manager**
   b. **Tony Maselli – Project Executive**
   c. **Julie Chamberland – Project Engineer**
   d. **John Mullin - (Superintendent)**
   e. **Nick Oliver - Quality Control**
   f. **Judy Raymond – Accountants Payable**
   g. **Josh Lamonte – Safety**
   h. **Dave Hegedus – Asst. Superintendent**

      i.   **Greg Brown – Superintendent**

      j.   **Thomas Coleman – Superintendent**

      k.  **Godfrey Durham – Project Engineer**

      l.   **Stefan Altamirano – Cost Accountant**

      m. **Eric Patella – Cost Accountant**

      n.  **Eric Brown – Senior Vice President**

2. **University of Virginia**

    a.  **Steve Ratliff**

    b.  **Charles Durrer**

    c.  **Raleigh Roussos**

    d.  **Brian Williams**

    e.  **Don Sungren**

    f.  **Sam Walker**

3. **Manganaro Midatlantic LLC**

    a.  **Kurt Meyer**

    b.  **Brian Loveless**

    c.  **Enrique Ruvalcaba**

    d.  **John Livingston**

    e.  **Daniel Dinger**

    f.  **Gelacio Salamone**

    g.  **Andrew Miner**

4. **Mangaro's Sub-subcontractors**

    a.  **M&G Drywall, LLC**

     b. **PLZ Drywall, LLC**

     c. **Ruiz RVA Construction, LLC**

     d. **Rencon LLC**

5. **Subcontractors**

     a. **Sullivan Mechanical Contractors, Inc.**

     b. **Moore's Electrical and Mechanical Construction, Inc.**

     c. **Atlantic Constructors, Inc.**

     d. **Blair-Dumond, Inc.**

     e. **Procon, Inc.**

     f. **Davenport Commercial**

     g. **3R Painting & Contracting Co., Inc.**

     h. **David Allen Company**

6. **Aon Risk Services – CCIP Administrator**

     a. **Donna Allard-Flett**


INTERROGATORY NO. 2: For each witness that you expect to call at trial and who you expect to testify in the form of an opinion (whether pursuant to Evidence Rule 701 or 702), provide all of the information described in Rule 26(a)(2).

**RESPONSE: In addition to the General Objections, which are incorporated herein by reference, KBE objects to Interrogatory No. 2 to the extent that it seeks information that is protected by the attorney client privilege, attorney work product, and trial preparation doctrine. KBE further objects to Interrogatory No. 2 as premature, particularly because the Court has not issued a scheduling order in the above-captioned matter that mandates disclosures at this time and the parties in this case agreed to waive Rule 26 initial disclosures.**

**Subject to, and without waiving the foregoing objections, KBE states that is has not yet identified persons whom it expects to call as expert witnesses or to provide opinion testimony at a trial of this matter and respectfully reserves the right to supplement its answer to Interrogatory No. 2. KBE will submit the information required as to any expert witnesses in accordance with the applicable scheduling order.**

INTERROGATORY NO. 3: Itemize all changes to the Subcontract price or the Subcontract time.

**<u>RESPONSE</u>: In addition to the General Objections, which are incorporated herein by reference, KBE objects to Interrogatory No. 3 as vague and unduly burdensome. KBE further objects to Interrogatory No. 3 as not proportionate to the needs of the case to the extent that Manganaro seeks information that is already within its possession, custody and control and is readily discernable from documents provided to Manganaro during the performance of the Subcontract.**

**Subject to, and without waiving, its Objections, an account summary is provided below, identifying fully executed change orders establishing the revised Contract Price, subject to pending change orders, backcharges and other offsets as may be determined, identified or which relate to other cases for which Manganaro is found liable or responsible. It also bears noting that Manganaro did not request a time extension for its work pursuant to the Subcontract, although Manganaro was allowed additional time to do so.**

| Original Contract Amount | | | | $ | 3,215,921.00 |
|---|---|---|---|---|---|
| | | | | | |
| Executed Change Orders: | | | | | |
| | | | | | |
| | CO #1 | CCIP Adjustment | | | (945.79) |
| | CO #2 | Storefront Soffit at Pkg Vestibule | | | 1,758.83 |
| | CO #3 | Wood accent panels per bulletin 48 | | | 1,858.86 |
| | CO #4 | Clean-up deduct | | | (1,000.00) |
| | CO #5 | Clean-up deduct | | | (8,479.24) |
| | CO #6 | Add'l framing due to edge of plank/slab issues | | | 49,539.00 |
| | CO #7 | Damage to Air Vapor Barrier - back charge | | | (1,279.74) |
| | CO #8 | Stair pans temporary in fill | | | 8,091.00 |
| | CO #9 | Roof blocking at Mech curb | | | 1,642.00 |
| | CO #10 | Eliminate 24 dumpster pulls of 40 pulls in the subconttract agreement | | | (12,493.49) |
| | CO #11 | Add 71 apartment soffits | | | 10,355.00 |
| | CO #12 | Eliminate remaining 16 dumpster pulls | | | (8,694.11) |
| | CO #13 | Changes per bulletin 63 | | | 2,133.00 |
| | CO #14 | Parapet details in bulletin 68 | | $33,864.07 | |
| | | | Subtotal | | 76,349.39 |
| | | | | | |
| Revised Subcontract | | | | | 3,292,270.39 |

INTERROGATORY NO. 4: Itemize all payments that KBE made to Manganaro under the Subcontract.

**RESPONSE: In addition to the General Objections, which are incorporated herein by reference, KBE objects to Interrogatory No. 4 as vague and unduly burdensome. KBE further objects to Interrogatory No. 4 as not proportionate to the needs of the case to the extent that Manganaro seeks information that is already within its possession, custody and control and is readily discernable from documents provided to Manganaro during the performance of the Subcontract.**

**Subject to, and without waiving, its Objections, a summary of payments to Manganaro totaling $2,987,537.82 is below:**

| Check | Date | Amount |
|---|---|---|
| 906714 | 12/13/2018 | 175,317.75 |
| 907101 | 1/16/2019 | 396,033.15 |
| 907648 | 2/19/2019 | 523,244.65 |
| 908012 | 3/15/2019 | 589,782.09 |
| 908309 | 4/4/2019 | 347,870.22 |
| 908942 | 5/15/2019 | 326,938.69 |
| 909343 | 6/17/2019 | 265,535.41 |
| 909592 | 7/9/2019 | 362,815.86 |

INTERROGATORY NO. 5: Itemize what you contend to be the unpaid balance of the Subcontract and explain why KBE has not paid this money to Manganaro.

**RESPONSE: In addition to the General Objections, which are incorporated herein by reference, KBE objects to Interrogatory No. 5 to the extent that it seeks information that is protected by the attorney client privilege, attorney work product, common interest privilege, joint-defense privilege, and trial preparation doctrine. KBE further objects to Interrogatory No. 4 as not proportionate to the needs of the case to the extent that Manganaro seeks information that is already within its possession, custody and control and is readily discernable from documents provided to Manganaro during the performance of the Subcontract.**

**Subject to, and without waiving, its Objections, the remaining open contract balance (subject to offsets, claims, backcharges and other withholdings) is $304,732.57. This amount has not been paid because it is not due and payable under the terms of the Subcontract, particularly due to claims and offsets; the pay-if-paid clause, and other reasons as set forth in KBE's responses to Interrogatory Nos. 6, 12 and 13, consistent with Subcontract Sections 3(a) and 5(d), among others.  KBE also refers Manganaro to its Counterclaim and the documents and materials supporting and relating thereto.**

INTERROGATORY NO. 6: Manganaro contends that it is entitled an increase in the Subcontract price for the various "Pending Open Change Orders" itemized at Exhibit 3 to the Complaint. If you dispute this contention, then identify each disputed Pending Open Change Order and, for each, state the basis of your dispute.

**RESPONSE: In addition to the General Objections, which are incorporated herein by reference, KBE objects to Interrogatory No. 6 to the extent that it seeks information that is protected by the attorney client privilege, attorney work product, common interest privilege, joint-defense privilege, and trial preparation doctrine. KBE further objects to Interrogatory No. 6 to the extent it calls for, or seeks, a legal conclusion.**

**Subject to, and without waiving, its Objections, and with a full reservation of rights to amend this response as additional information becomes known, a summary of Manganaro's claims and bases for dispute is attached hereto as Exhibit A. KBE also refers Manganaro to its Counterclaim and the documents and materials supporting and relating thereto.**

INTERROGATORY NO. 7: If you dispute the amount of any of the various "Pending Open Change Orders" itemized at Exhibit 3 to the Complaint, then identify each disputed Pending Open Change Order and, for each, itemize what you contend to be the total value of the labor and/or materials that Manganaro furnished for the Project.

**RESPONSE: In addition to the General Objections, which are incorporated herein by reference, KBE objects to Interrogatory No. 7 to the extent that it seeks information that is protected by the attorney client privilege, attorney work product, common interest privilege, joint-defense privilege, and trial preparation doctrine. KBE further objects to the terms "labor" and "materials" as vague and ambiguous.**

**Subject to, and without waiving, its Objections, and with a full reservation of rights to amend this response as additional information becomes known, Manganaro is referred**

**to KBE's Response to Interrogatory No. 6, which is incorporated herein by reference.**

**Unless otherwise noted as "approved", KBE disputes the full value. Any pending claims by**

**Manganaro are subject to Section 23 of the Subcontract.**

INTERROGATORY NO. 8: If you contend or have ever contended (by, for example and without limitation, submitting a proposed change order to the Owner) that the Owner is responsible for an increase to the Prime Contract price due to any of the "Pending Open Change Orders" itemized at Exhibit 3 to the Complaint, then identify each such Pending Open Change Order.

**<u>RESPONSE</u>: In addition to the General Objections, which are incorporated herein**

**by reference, KBE objects to Interrogatory No. 8 to the extent that it seeks information**

**that is protected by the attorney client privilege, attorney work product, common interest**

**privilege, joint-defense privilege, and trial preparation doctrine. KBE further objects to**

**Interrogatory No. 8 to the extent it calls for a legal conclusion.**

**Subject to, and without waiving, its Objections, and with a full reservation of rights**

**to amend this response as additional information becomes known, see Exhibit A.**

**Submission to the Owner for consideration is not an admission or representation by KBE**

**that Manganaro has entitlement, and KBE reserves all rights and defenses**

INTERROGATORY NO. 9: Itemize all changes to the Prime Contract price or the Prime Contract time.

**<u>RESPONSE</u>: In addition to the General Objections, which are incorporated herein**

**by reference, KBE objects to Interrogatory No. 9 as vague, unduly burdensome and not**

**proportionate to the needs of the case as it seeks information wholly unrelated to**

**Manganaro's claims including, without limitation, changes of work scope or terms and**

conditions that do not concern Manganaro's work on the project, the Subcontract or the facts underlying its claims. KBE further objects to Interrogatory No. 9 to the extent it calls for a legal conclusion.

Subject to, and without waiving, its Objections, the agreement with UVA and KBE has been amended as set forth below:

**ACO**

| | | |
|---|---|---:|
| 1 | Bulletin 10 - Sanitary Sewer Line Deletion | (17,622.47) |
| 1 | Bulletin 8 Storm Manhole Upsized | 32,757.53 |
| 2 | E-SC Matting for Re-Stabilize Temp Lot Slope | 5,984.65 |
| 3 | Bulletin 12 Electric Manhole Relocation | 16,543.15 |
| 3 | Bulletin 9 - Column Splice Removal Credit | (1,556.50) |
| 3 | Bulletin 11 - Center Stair Edge of Slab-Beam Penetrations | 1,883.53 |
| 3 | Bulletin 14 Room Numbering and Sanitary Sewer Lateral | 887.03 |
| 4 | Bulletin 17 Light Fixtures at Trash Enclosures | 5,627.77 |
| 4 | Bulletin 19 Automatic Transfer Switch | (66,965.79) |
| 4 | Soil Stabilization of Lower Parking Lot | 1,896.91 |
| 4 | Bulletin 27 Hydraulic Elevator Hoistway Size Revision | 1,382.95 |
| 5 | Bulletin 28 Conduit for Site Cameras | 44,497.91 |
| 5 | Bulletin 30 - Sprinkler System Design Revision | 1,574.27 |
| 5 | Bulletin 37 Light Fixtures at Study Lounges | 20,728.34 |
| 5 | Reconciliation of Change Order 4 - CCOP 11 | 0.00 |
| 5 | RFI 188 - Credit Reduction in Metal - Ductwork | 338.06 |
| 5 | Additional Perimeter Controls Required | 600.60 |
| 6 | Bulletin 32 -First Floor Coordination | 6,941.77 |
| 6 | Bulletin 36 FCC Coordination | 1,890.74 |
| 6 | Bulletin 42 R1 Plumbing Clash Coordination RFI 226 | 10,173.28 |
| 6 | Bulletin 44 Busduct Revisions from Power Study | 28,110.16 |
| 6 | Bulletin 35 - Steel Upset at Line 3 | 1,540.03 |
| 6 | RFI 183 Control Valves in Fire Department Connection Piping | 2,803.90 |
| 7 | Bulletin 2 - Post Bid Building Official Drawing Review | 25,030.48 |
| 7 | Bulletin 6R1 - Outpatient Surgery Center Temp Park | (5,582.77) |
| 7 | Reconciliation of Caisson LF installation | (74,042.19) |
| 8 | Bulletin 3 - OUBO Permit Set Comments | 55,604.91 |
| 8 | Bulletin 45 Doors and Hardware | 58,170.50 |
| 8 | Bulletin 47 Beam Size Line M25-28 | 1,799.94 |
| 8 | Bulletin 34 - Kitchen Island Counter Heights | 1,154.30 |
| 9 | Bulletin 1 - Structure Modifications | 49,693.00 |
| 9 | Bulletin 56 Existing Site Fence Removal | 7,690.01 |
| 9 | Bulletin 54 Feeder Conductor Type - RFI 342 | (7,153.08) |

| | | |
|---|---|---:|
| 10 | Bulletin 24 Elevator Divider Wall,Slab Edge at Shaft | (3,788.08) |
| 10 | Bulletin 55 RFI 338 Biorentention Pretreatment Cells | 1,940.52 |
| 10 | Bulletin 57 Storefront Soffit at Parking vestibule | 2,013.86 |
| 11 | Bulletin 48 - Penthouse Door/Entry Canopy Lighting | (2,870.80) |
| 11 | Bulletin 58 Elevator 3 Hoist Beams | 1,980.78 |
| 11 | Bulletin 59 Elevator Emergency Power Transfer Switch | 26,482.64 |
| 12 | Bulletin 60 Exterior Envelope Comments | 12,931.09 |
| 12 | Bulletin 64 Roofing Material Change | 88,265.44 |
| 12 | RFI 341 ERosion Sediment Control issues - Diversion Ditch | 8,537.94 |
| 13 | Lower Building Pad Stabilized with Calcimite | 26,335.00 |
| 13 | Bulletin 41 Column Baseplate Elevation Revision | 30,104.89 |
| 13 | Bulletin 61 Struct Framing Elevation at Intermediate Stair | 15,297.20 |
| 14 | OT Expended for Schedule - Procon | 50,563.20 |
| 14 | Project Acceleration - Laborers - 1/7/19 - 7/31/19 | 123,721.83 |
| 14 | Project Acceleration - Superintendent - 1/7/19- 7/31/19 | 131,100.00 |
| 14 | Project Acceleration - Project Engineer to process Bulletins | 38,019.00 |
| 15 | Bulletin 3 - Part 2 Fireproofing | 22,151.87 |
| 15 | Project Acceleration - MEP Trades - Moore's | 8,447.74 |
| 15 | RFI 384 - Galvanized Angle for Arch Precast | 7,721.81 |
| 15 | Project acceleration - Faulconer Construction | 448.28 |
| 16 | Project Acceleration - Additional Schedule Updates | 8,690.55 |
| 16 | Bulletin 71 Apartment Soffits | 18,614.33 |
| 16 | Bulletin 69 Papas Venting | 2,910.89 |
| 16 | Project Acceleration - Super for Finishes per Tim Roland | 99,176.00 |
| 17 | Skyline Overtime (Project Acceleration) | 2,822.07 |
| 17 | Project Acceleration - Mason Premium Time | 174,447.25 |
| 17 | Project Acceleration - Sullivan | 53,793.60 |
| 17 | Moore's Overtime | 101,089.32 |
| 17 | Project acceleration - Faulconer | 174,121.20 |
| 18 | Change Resilient Flooring to LVT | 173,415.93 |
| 18 | Bulletin 63 Corridor Layout and Receptacle Location | 33,368.88 |
| 18 | Bulletin 68 Parapet details | 44,368.35 |
| 18 | Bulletin 79 RFI 466 Roof Drain at Elevator Headhouse | 4,164.23 |
| 18 | Bulletin 45 - Stair Enclosure Gates | 22,370.27 |
| 19 | Bulletin 31 - Canopies and Elevators Part I | 23,746.24 |
| 19 | Manganaro Overtime/more hours | 231,783.72 |
| 19 | Bulletin 76 Chilled Waterline Rerouting | 19,199.59 |
| 19 | Additional Laborers Part 2 | 85,917.94 |
| 20 | David Allen Acceleration | 55,719.20 |
| 20 | Moore's Overtime #3 | 79,524.01 |
| 20 | Project Acceleration - Priority Elevator | 62,183.26 |
| 20 | Project Acceleration - ACI | 47,023.78 |
| 21 | Project Acceleration - Suillivan Mechanical #2 | 87,109.77 |
| 21 | Project Acceleration - 3R Painting | 68,077.03 |
| 21 | Bulletin 78 Final Site Grading Elevations | 5,855.14 |

| 21 | Bulletin 89 Low-Mounted Exit Sign Fixture Type | 2,470.46 |
| 21 | Bulletin 87 Final Grading at P2 Entrance | 1,610.02 |
| 21 | Project Acceleration - FGM | 68,928.51 |
| 21 | Bulletin 83 GFRG Enclosure Size | 1,160.41 |
| 21 | Bulletin 97 Smoke Detectors in Mechanical Closets | 11,176.49 |
| 21 | Moore's Project Acceleration #4 | 107,967.00 |
| 21 | Bulletin 91 Roof Drain Enclosure | 10,755.55 |
| 21 | Bulletin 96 Addded Soffits for Field Conditions | 6,149.80 |
| 22 | Bulletin 31 - Part 2 | 44,099.64 |
| 22 | Bulletin 77 Rooftop Mechanical Screen Wall | 13,923.20 |
| 22 | Access Door Sizing - Bulletin 3 PAPAs | 2,731.67 |
| 22 | Wash Rack Installation | 2,499.15 |
| 22 | Bulletin 105 Filter Fabric | 473.26 |
| 22 | Bulletin 92 Senior Director and RA Mechanical Unit Disc Swit | 1,924.95 |
| 22 | Bulletin 2 - Accessible Striping | 1,759.21 |
| 22 | Bulletin 84 Garage Hose Bibs | 142.75 |
| 22 | Bulletin 108 Smoke-Fire Dampers at Studies | 6,566.35 |
| 22 | RFI 544 Circulation Fan Screens | 7,307.44 |
| 22 | RFI 590 Add Firelite Glass | 17,318.85 |
| 23 | RFI 410, 503 , 510 and SSK005  Trash Enclosure | 19,441.49 |
| 23 | Bulletin 94 Tenant Fit Out Doors | 9,235.06 |
| 23 | Sullivan Acceleration Part 3 August | 27,505.52 |
| 23 | Replacement Filters for HVAC systems | 2,985.22 |
| 23 | Bulletin 93 - Curtain Wall Details (RFI 516) | 5,020.83 |
| 23 | Sullivan Acceleration Part 4 July | 23,786.78 |
| 23 | RFI 454 Wall Hydrant | 459.55 |
| 23 | Lowering Bulkhead in room 504 - Bulletin 96 | 884.99 |
| 23 | RFI 316  8" BFV Additional Work Conflict Elec Duct Bank | 641.72 |
| 23 | BFP Vault Field Modifications | 1,396.90 |
| 23 | RFI 481 Control Joints | 4,395.80 |
| 23 | RFI 468 Roof Hydrant Drain | 2,944.04 |
| 23 | Project Acceleration - Moore's Electric #5 | 89,820.45 |
| 23 | Shower Head Clips | 1,147.93 |
| 23 | Change Wire Mesh from 2"x1" to 1/2" x 1/2" | 2,149.13 |
| 24 | Grading at Blce Access Area | 2,120.53 |
| 24 | Bulletin 90 3X3 shower walls | 2,001.46 |
| 24 | Spider Lift | 46,291.83 |
| 24 | Bulletin 86 Sloped Floor Infill | 71,504.98 |
| 24 | RFI 557 - Submi 390 # 68 Stone in lieu of #21 Stone | 15,744.93 |
| 24 | Bulletin 81 Vertical and Horizontal angles | 11,283.55 |
| 24 | Install Curbs at 3 Line | 3,997.64 |
| 24 | Bulletin 101 Door Field Trim | 11,077.47 |
| 24 | RFI 567 Penthouse Adjustments | 2,333.93 |
| 24 | Power to 1st Floor North Stairwell Door Holder | 1,282.40 |
| 24 | Additonal Work Added By UVA Elevator Inpsector | 6,904.85 |

| | | |
|---|---|---:|
| 24 | Caulking of the Tile Base in Restroom | 4,000.00 |
| 24 | Raising Horizontal Angles | 4,227.34 |
| 24 | RFI 470 Angle Cutting Request - 2nd Floor | 13,767.48 |
| 24 | Credit for lost hardware | (11,838.19) |
| 24 | Extend Project MEP Super from 8/1/19 - 8/24/19 | 8,740.00 |
| 25 | Project Acceleration - KBE OT for Admin | 75,440.00 |
| 25 | Project Acceleration - 70 Day Time Extension | 0.00 |
| 25 | Project Acceleration - LVT | 48,000.00 |
| 25 | RFI 535 Exposed Plank Areas | 21,000.00 |
| 25 | Labor Finders - August | 46,086.39 |
| 25 | SOV allowance Steel credit | (17,492.16) |
| 25 | SOV allowance Steel credit | (63,136.16) |
| 25 | SOV allowance Steel credit | (110,488.28) |
| 25 | Additional Builders Risk | 16,621.00 |
| 25 | Additional Builder Risk Premium Credit | (4,095.00) |
| 25 | Project Acceleration Elite | 21,537.55 |
| 25 | Allowance Credit for Earthwork | (75,620.91) |
| 26 | Bulletin 85 Doors Hardware and access controls | 28,062.97 |
| 26 | Bulletin 116 Northeast Corner Wall | 5,101.81 |
| 27 | Credit Remaining Balancing Work | (14,850.00) |
| 27 | Bulletin 33 Dumpster Enclosure Bollard | (3,298.90) |
| 27 | Bulletin 117 Center Stair FCU | 3,526.37 |
| 28 | Bulletin 119 Field Trim Penthouse | 15,514.12 |
| 28 | Bulletin 62 Solar Shade Removal | 167,585.09 |
| 28 | Bulletin 62 Solar Shade Credit | (289,435.50) |

|  |  |
|---|---:|
| Subtotal | 3,045,558.39 |

INTERROGATORY NO. 10: Itemize all payments made by the Owner to KBE under the Prime Contract.

**RESPONSE: In addition to the General Objections, which are incorporated herein by reference, KBE objects to Interrogatory No. 10 as vague and unduly burdensome.**

**Subject to, and without waiving, its Objections, the Owner has made the following payments to date:**

| Date | Amount |
|---|---|
| 2/20/2018 | $2,726,682.88 |
| 4/2/2018 | $951,736.68 |
| 5/3/2018 | $1,627,293.43 |
| 6/1/2018 | $2,306,948.65 |
| 7/2/2018 | $1,246,784.86 |
| 8/6/2018 | $1,640,434.27 |
| 8/20/2018 | $2,221,255.97 |
| 9/24/2018 | $1,688,694.82 |
| 10/29/2018 | $2,706,792.50 |
| 12/13/2018 | $2,559,796.96 |
| 12/31/2018 | $2,488,421.14 |
| 2/4/2019 | $3,298,317.78 |
| 2/25/2019 | $2,512,356.84 |
| 3/29/2029 | $2,154,043.58 |
| 4/24/2019 | $2,215,987.00 |
| 6/10/2019 | $2,808,567.00 |
| 6/27/2019 | $2,502,584.03 |
| 7/29/2019 | $2,615,852.16 |
| 8/26/2019 | $3,039,926.13 |
| 10/16/2019 | $2,436,344.84 |
| 10/28/2019 | $418,142.68 |
| 11/25/2019 | $340,262.69 |
| 12/23/2019 | $1,330,006.58 |
| 1/14/2020 | $216,710.73 |
| 1/28/2020 | $141,520.58 |
| 2/28/2020 | $107,489.56 |
| 5/28/2020 | $216,160.45 |
| | |
| | $48,519,114.79 |

INTERROGATORY NO. 11: Itemize what you contend to be the unpaid balance of the Prime Contract and explain your understanding about why the Owner has not paid this money to KBE.

**RESPONSE: In addition to the General Objections, which are incorporated herein by reference, KBE objects to Interrogatory No. 11 to the extent that it seeks information that is protected by the attorney client privilege, attorney work product, and trial preparation doctrine. KBE further objects to Interrogatory No. 11 to the extent it calls for a legal conclusion, would require conjecture, and it seeks information that is not**

proportionate to the needs of the case as it seeks data totally outside the scope of this litigation.

Subject to, and without waiving, its Objections, to the best of KBE's knowledge in relation to Manganaro's work, reasons for continued withholding include retainage, incomplete work, and pending issues, claims and change orders as discussed in KBE's responses to Interrogatory nos. 6, 12, 13, 15 and 16.

INTERROGATORY NO. 12: State the basis for each of your affirmative defenses.

RESPONSE: In addition to the General Objections, which are incorporated herein by reference, KBE objects to Interrogatory No. 12 as not proportionate to the needs of the case to the extent that Manganaro seeks information that is already within its possession, custody and control. KBE further objects to the extent that Interrogatory No. 12 seeks information that is protected by the attorney client privilege, attorney work product, common interest privilege, joint-defense privilege, and trial preparation doctrine.

Subject to, and without waiving the foregoing objections, KBE states that it asserted its affirmative defenses in Defendants KBE Building Corporation and Federal Insurance Company's Joint Answer, Affirmative Defenses, and Counterclaim of KBE Building Corporation (ECF No. 10) for purposes of preservation and it is still reviewing and evaluating all of the facts in discovery to support the same. Because discovery is currently ongoing, KBE reserves the right to supplement Interrogatory No. 12 as additional information is identified and becomes available. Subject to, and without waiving, its Objections, and with a full reservation of rights to amend this response as additional information becomes known, see below:

1. **Plaintiff has failed to assert a proper claim on which relief can be granted.**
   a. **Among other things, Manganaro has filed to meet the conditions precedent of the Subcontract and has waived its rights to seek recovery for its claims due to, among other things, its first breaching the subcontract; causing damage to KBE, the Owner and others, pursuing claims precluded and waived by the subcontract, and pursuing compensation for work not performed or costs not actually incurred.**

2. **Plaintiff's claims are barred by waiver and release.**
   a. **To the extent any claims by Manganaro are covered by failure to comply with, among other things, Subcontract Sections 2(c), 9(a), (b), (i), (l), and any claims for which the work was performed on or before the effective date(s) of waivers and releases freely executed by Manganaro or its sub-subcontractors, as the case may be.**

3. **Plaintiff's claims are barred by set-off.**
   a. *See* **Response to Interrogatory No. 13, which is incorporated herein by reference.**

4. **Plaintiff's claims are barred by recoupment.**
   a. *See* **Response to Interrogatory No. 13, which is incorporated herein by reference.**

5. **Plaintiff's claims are barred by failure to mitigate damages.**
   a. **Many of Plaintiff's claims could  (and should)have been avoided or reduced had Plaintiff properly and timely performed its obligations and honor the assumption of risk under the Subcontract and prime contract to protect or coordinate its work, failure to check, and by its accepting, previous work by other trades, pursued proper parties, failure to enforce sub-sub waivers or subcontract terms, failure to pass on credits or cost savings from sub-subcontractors to KBE, or made other reasonably available efforts to avoid costs.  See Responses to Interrogatory Nos. 6 and 13, which are incorporated herein by reference.**

6. **Plaintiff's claims are barred by the failure of condition precedent.**
   a. *See* **Response to Interrogatory Nos. 6 and 13, which are incorporated herein by reference, including failure to timely provide notice of claims, changed conditions and other impacts, failure to execute change orders, failure to provide proof of claim information to the surety, failure to provide proper and/or timely backup documentation, absence of required waivers, lack of timely cost backup, the absence of actual costs in whole or in part, submitting claims prohibited or barred by the subcontract, absence of approved change orders for extra work, submitting claims which consist of work items and elements which are within the base contract obligations, lack of providing notice and receiving prior approval from KBE; failure to receive payment from the Owner, and rejected as-builts by the Owner.**

7. **Plaintiff's claims are barred by accord and satisfaction and waiver.**
   a. **If and to the extent any claims by Manganaro are covered by executed change orders or were released by Manganaro-signed releases and waivers.** *See* **also item 5 above, which is incorporated herein by reference.**

8. **Plaintiff's claims are barred by payment.**
   a. **If and to the extent any claims by Manganaro have been previously paid and are not subject to asserted defenses by KBE.**

9. **Plaintiff's claims are barred by the doctrine of unclean hands.**
   a. **To the extent Manganaro failed to provide proper backup documentation for its claims; breached the Subcontract; asserted improper charges for supervision, small tools, change order markup, or costs greater than actual costs; misrepresented its use of independent contractors or the information on sub-sub affidavits; breached the Subcontract; was the cause of its damages or those of others, or otherwise acted in bad faith.**

10. **Plaintiff's damages, if any, were the result of the acts or omissions of other parties for which the Defendants are not responsible.**
    a. *See* **Response to Interrogatory Nos. 6 and 13, which are incorporated herein by reference. Per the Subcontract, Manganaro is responsible for protecting its work and the risk of loss or damage by others associated with that work until final acceptance. KBE is not responsible for the acts and omissions of any party other than KBE, and then only to the extent not waived, inculpated or otherwise released, for which KBE makes no admission. Plaintiff has the right to pursue any third party, but has failed to do so.**

11. **Plaintiff's damages, if any, were caused by Plaintiff's own conduct, breaches and/or negligence or similar conduct by persons for whom Plaintiff is responsible or under the doctrine of first breach, also known as the prevention doctrine.**
    a. *See* **Response to Interrogatory Nos. 6 and 13, which are incorporated herein by reference.**

12. **Plaintiff's claims are barred by estoppel.**
    a. **If, and to the extent, Manganaro is pursuing claims for which its late pursuit, including all conditions precedent, have prejudiced KBE's ability to reasonably timely evaluate the claims or pursue entitlement for reimbursement from the Owner.**

13. **Plaintiff's claims are barred by the absence of consideration.**
    a. **If, and to the extent, Manganaro's claims for extra work for which the scope and obligations of Manganaro are already included in the subcontract.**

14. **Plaintiff's claims are barred on the basis that they are fraudulent and based on misrepresentations.**
    a. *See* **item 9 above, which is incorporated herein by reference.**

15. **Plaintiff lacks standing to bring some or all of its claims.**
    a. **If and to the extent Manganaro is pursuing claims prohibited by the Subcontractor, or for which Manganaro did not incur direct costs, but instead is pursuing claims owned by its sub-subcontractors for which no claims by them are pending or for which those parties executed waivers of those claims. Plaintiff is also bared by the prevention doctrine from seeking recovery for any breach alleged by it against KBE, where Manganaro was already in breach of its Subcontract.**

16. **Plaintiff's claims are barred by the equitable doctrine of laches.**
    a. *See* **item 12 above, which is incorporated herein by reference.**

17. **The Plaintiffs claims in whole or in part are barred on the basis that the recovery pleaded and sought is contrary to the evidence that this court may consider under the parole evidence rule.**
    a. **If and to the extent Plaintiff relies on inadmissible parole evidence to vary, contradict, or explain the terms of the Subcontract.**

18. **The Plaintiff's claims a barred by the terms of the Subcontract.**
    a. *See* **Response to Interrogatory Nos. 6 and 13, and items 2, 5 and 6, above, which are incorporated herein by reference.**

19. **The Plaintiff's claims are barred by the absence of timely notice.**
    a. *See* **Response to Interrogatory No. 6, which is incorporated herein by reference.**

20. **The Plaintiff did not fully and properly perform its obligations under the Subcontract.**
    a. *See* **Response to Interrogatory Nos. 6 and 13, which are incorporated herein by reference.**


INTERROGATORY NO. 13: Itemize your calculation of damages in the Counterclaim and state the basis for your contention that Manganaro is liable for each item you identify.

**RESPONSE: In addition to the General Objections, which are incorporated herein by reference, KBE objects to Interrogatory No. 13 to the extent that it seeks information that is protected by the attorney client privilege, attorney work product, and trial preparation doctrine. KBE further objects to Interrogatory No. 13 to the extent it calls for a legal conclusion.**

**Subject to, and without waiving, its Objections, and with a full reservation of rights to amend this response as additional information becomes known, in addition to any unpaid amounts to sub-subcontractors and suppliers, see below:**

| Description | Amount | Comment |
|---|---|---|
| Deduct for Cleaning | (24,924.00) | Manganaro failed to perform its own cleanup. See Subcontract Section 16(k) and Rider A Section 1 General Conditions item 27. |
| Overtime Payments (rescinded) | TBD | $202,431 claimed requires reconcilliation with actual overtime payments for the applicable time period. |
| Tile - Re Water Test and Clean up | (442.75) | Manganaro failed to perform its own cleanup. See Subcontract Section 16(k) and Rider A General Conditions item 27. Backcharge by David Allen - clean up and room required re-test |
| T615 and T617 Clean up | (332.06) | Manganaro failed to perform its own cleanup. See Subcontract Section 16(k) and Rider A General Conditions item 27. David Allen clean up of two rooms full of mud on floors |
| Electrical - damage to work in place | (700.74) | MMA cut MC Cable in room 236A - Moore's electrical repaired. See Subcontract Section 5(b). |
| Construction Cleaning | (17,128.32) | Manganaro failed to perform its own cleanup. See Subcontract Section 16(k) and Rider A Section 1 General Conditions item 27. |
| Gypsum Board - Bulletin 91 Roof Drain Enclosure | 5,719.05 | Unsigned by Manganaro. |
| Gypsum Board - Bulletin 96 Added Soffits for Field Conditions | 3,312.00 | Unsigned by Manganaro. |
| Gypsum Board - Bulletin 96 Added Soffits for Field Conditions | 2,059.00 | Unsigned by Manganaro. |
| Construction Cleaning | (44,115.13) | Manganaro failed to perform its own cleanup. See Subcontract Section 16(k) and Rider A Section 1 General Conditions item 27. |
| Deduct for repainting walls - 3R | (24,853.48) | Deduct from 3R Painting to repaint walls on 1st fl So tower due to poor drywall finish. See Subcontract Section 5(b). |
| Gypsum Board - Bulletin 31 Part 2 | (1,266.00) | Credit for canopy soffitts removed in Bulletin 31. |
| HM WD DFH - Lost Door Hardware | (11,700.00) | MMA Gelacio Salome - Super signed for hardware. See Subcontract 5(b). |
| HVAC - Corridor Coordination for Firestopping | (1,267.30) | Improper install of Firestop'g No. Corridor - Sullivan removed duct for access to the work. See Subcontract Section 5(b). |
| CCIIP verification M&G | (2,034.94) | See Subcontract, CCIP Manual |
| Cleaning Deduct July - August | (18,371.37) | Manganaro failed to perform its own cleanup. See Subcontract Section 16(k) and Rider A Section 1 General Conditions item 27. |
| Caulking Tile base at restrooms | (5,853.09) | Unacceptable quality (see photos by UVA). See Subcontract Section 5(b). |
| Cut Granite at the north side of the south wing | (1,422.48) | Due to incorrect framing at the stone shelf. See Subcontract Section 5(b). |
| CCIP final PLZ Ruiz and M&G | (36,320.00) | See Subcontract, CCIP Manual |
| Cutting drywall for duct openings | (10,922.70) | Sullivan cut drywall for duct openings. See Subcontract Section 5(b). |
| Replacing condensate lines | (366.28) | MMA hit copper condensate lines with their lift. See Subcontract Section 5(b). |
| Repair Door Openings | (242.98) | Repair door opening damaged by MMA. See Subcontract Sections 5(a) and 5(b). |
| Damaging AVB at the parapet | (1,214.91) | Incorrect framing of scuppers; Strickland repaired. See Subcontract Sections 5(b) |
| Replace copper pipe in mech closet M138/M134 | (1,365.50) | MMA cut out copper pipe in mech closets - Sullivan had to replace. See Subcontract Section 5(b). |
| Reinstall 12 x 24 base in T135 due to door frame removed | (802.63) | Damage to David Allen tile due to door frame removal. See Subcontract Section 5(b). |
| Repair Stone at removed walls | (4,595.53) | At Penthouse Stair Landing removal of wall damage Bluestone Backcharge from David Allen to Repair stone. See Subcontract 5(b). |
| RFI 481 Control Joints | 3,839.13 | Unsigned by Manganaro. |
| Lowering Bulkhead in room 504 Bulletin 96 | 772.92 | Unsigned by Manganaro. |
| Bulletin 93 Curtain Wall Details RFI 516 | 4,385.00 | Unsigned by Manganaro. |
| Bulletin 94 Tenant Fit out Doors | 3,465.00 | Unsigned by Manganaro. |
| Damage to Ceiling | (2,701.35) | Backcharge from Falls Run Stucco -framed recessed light location incorrectly. See Subcontract Section 5(b). |
| Work Performed in Elevator Shaft - use of elevator platform | (5,267.43) | Backcharge for Elevator use to access the shaft for Top of Wall work in lieu of setting up staging. See Subcontract Sections 5(b). |
| Deduct the cost Firestop sub to FI top of wall in elevator Shaft | (6,824.60) | Firestop of VA did the work on the Top of Wall, Manganaro refused to do the work. See Subcontract Section 5(b). |
| Replace sprinkler heads affected by sheetrock compound | (12,045.89) | Backcharge from Atlantic Constructors. See Subcontract Section 5(b). |
| Patch Fireproofing | (11,654.79) | Backcharge from Davenport from damage by Manganaro to fireproofing. See Subcontract Section 5(b). |
| Bathroom wall in wrong location 305B | (3,630.64) | Backcharge from Sullivan due to improper framing. See Subcontract Section 5(b). |
| Patching Floors from Framing Changes | (966.12) | Backcharge from Procon due to incorrect framing. See Subcontract Section 5(b). |
| Strickland to Manganaro - Repair AVB | (242.98) | Backcharge from Strickland due to damage by Manganaro. See Subcontract Section 5(b). |
| Credit for Work not performed at Corridors 1 - 2 (by UVA) | (46,508.00) | Repairs performed by UVA due to poor/incomplete workmanship in Corridors 1 and 2, not incl. ceilings. See Subcontract Sections 5(b) and Article 11. |
| Mail room sheetrock sand & finish (performed by UVA) | (7,044.13) | Repairs performed by UVA due to poor/incomplete workmanship in mail room. See Subcontract Sections 5(b) and Article 11. |
| UVA work Assistance Costs (est.) | (150,000.00) | Estimate from UVA for their direct supplemental labor for Manganaro's work, prior substantial completion. See Subcontract Section 5(b), Articles 8 and 11. |
| Cost of Work estimate not performed at Corridors 3 - 6, common areas and inside rooms (by UVA) (est.) | (500,000.00) | Estimate by UVA due to poor/incomplete workmanship. See Subcontract Sections 5(b) and Article 11. |
| Tenant Fit out Frame and Drywall finishing | (1,140.70) | Per UVA. See Subcontract Section 5(b). |
| Mailroom ceiling and associated repairs from 6/1/20 | TBD | Ceiling grid improperly secured by Manganaro. |
| Legal Fees to defend and prosecute litigation (est.) | TBD | See Subcontract Section 5(b) |
| KBE's General Conditions - manage punchlist (est.) | (30,000.00) | KBE costs to supervise corrective work. See Subcontract Section 5(b). |

INTERROGATORY NO. 14: If you contend that Manganaro breached or in any way failed to fully perform the Subcontract, state the basis for your contention.

**RESPONSE: In addition to the General Objections, which are incorporated herein by reference, KBE objects to Interrogatory No. 14 to the extent that it seeks information that is protected by the attorney client privilege, attorney work product, common interest privilege, joint-defense privilege, and trial preparation doctrine. KBE further objects to Interrogatory No. 14 to the extent it calls for a legal conclusion.**

**Subject to, and without waiving, its Objections, and with a full reservation of rights to amend this response as additional information becomes known, see responses to Interrogatory nos. 6, 12, 13, 15 and 16.**

INTERROGATORY NO. 15: If you contend that Manganaro caused or is otherwise responsible for delay to your timely completion of the Prime Contract, state the basis for your contention.

**RESPONSE: In addition to the General Objections, which are incorporated herein by reference, KBE objects to Interrogatory No. 15 to the extent that it seeks information that is protected by the attorney client privilege, attorney work product, common interest privilege, joint-defense privilege, and trial preparation doctrine. KBE further objects to Interrogatory No. 15 to the extent it calls for a legal conclusion.**

**Subject to, and without waiving, its Objections, and with a full reservation of rights to amend this response as additional information becomes known, see responses to Interrogatory nos. 6, 12 and 13  Manganaro failed to provide timely and sufficient numbers of skilled workers to complete its work in a timely and workmanlike manner, performed work out of sequence, failed to coordinate with other trades, failed follow the direction of KBE's supervisory personnel, effectively abandoned the project, and despite numerous**

requests and opportunities to do so, did not – and continues as of this date to not – complete its work and other contract obligations, which includes a substantial amount of incomplete, incorrect and sub-standard work as identified on the project punch list and photographs. Manganaro had an obligation to continue performance pending resolution of disputes, but failed to do so.

INTERROGATORY NO. 16: Identify the facts upon which you rely in support of your contentions in paragraph 8 of the Counterclaim (including its lettered sub-paragraphs).

**RESPONSE**: In addition to the General Objections, which are incorporated herein by reference, KBE objects to Interrogatory No. 16 to the extent that it seeks information that is protected by the attorney client privilege, attorney work product, common interest privilege, joint-defense privilege, and trial preparation doctrine. KBE further objects to Interrogatory No. 16 to the extent it calls for a legal conclusion.

Subject to, and without waiving, its Objections, and with a full reservation of rights to amend this response as additional information becomes known, see responses to Interrogatory nos. 6, 12, 13 and 15. In addition, *see* paragraph 8 of KBE Building Corporation's Counterclaim (ECF No. 10). Manganaro further failed to provide requested information regarding its relationships with sub-subcontractors and independent contractors to substantiate its claims for additional work and associated cost.

## DECLARATION

I solemnly declare an affirm under penalty of perjury that the foregoing statements are true and correct to the best of my information, knowledge and belief.

Dated: June 1, 2020

By: Anthony Maselli
Title: Vice President of Operations

AS TO OBJECTIONS:

Respectfully Submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

Dated: June 1, 2020

By: /s/ Benjamin L. Williams
Benjamin L. Williams (VA Bar #88591)
607 14th Street, NW, Suite 900
Washington, DC 20005
(202) 481-9945 *telephone*
(202) 618-6356 *facsimile*
blwilliams@kilpatricktownsend.com

*Counsel for KBE Building Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of June, 2020, a true and correct copy of the foregoing document was served via email and First Class mail, postage prepaid, upon the following:

Christopher A. Taggi
Asmar, Schor & McKenna, PLLC
5335 Wisconsin Avenue, NW, Suite 400
Washington, DC 20015
ctaggi@asm-law.com

*Counsel for Manganaro Midatlantic, LLC*

Matthew Johnson (VA Bar #85094)
1233 20th Street, NW, 8th Floor
Washington, DC 20036
mjohnson@bonnerkiernan.com

*Counsel for Federal Insurance Company*

/s/ Benjamin L. Williams
Benjamin L. Williams

| Item | MMA Log | MMA Description | KBE Position | | | | | | | | | | | | | |
| | | | Submitted to Owner | | | Credit due for work avoided | Insufficient entitlement backup | Insufficient cost backup | Late Cost Backup | Improper PCO ref. | resp. of others | self-inflicted | Foreman time not permitted | No SS-1 | improper small tools | Comments |
| | | | approved | Rejected | in-scope | | | | | | | | | | | |
| 1 | 4 | Bulletin #031 | X | | | | | | | | | | | | | See SCO 27 |
| 2 | 20 | PCO 181 | ($1,266.00) | | | | X | X | | | X | | X | X | X | B/C to Liphart |
| 3 | 25 | PCO 200 - Patching | $1,308.00 | | | X | | X | | | X | | X | X | X | |
| 4 | 26 | PCO #200 and RFI #448 | $7,580.00 | | | | X | X | | | X | | X | X | X | |
| 5 | 27 | Stencil Rated Walls | $6,877.00 | | X | | X | X | | | | | X | X | X | Contract work - life safety |
| 6 | 28 | 1/2" ILO 5/8" GWB at Showers | $3,861.00 | | | | X | X | | | | X | X | X | X | framed incorrectly by Manganaro |
| 7 | 29 | Cut Drywall for Duct Insulation | $10,329.00 | | | X | X | X | | | X | | X | X | X | |
| 8 | 31 | PCO #200 - Patching | $4,197.00 | | | | X | X | | | X | | X | X | X | |
| 9 | 32 | PCO #220 - RFI #448 (See Bulletion 74) | $9,248.00 | X | | | X | X | | | | | X | X | X | UVA considered this corrective work, PCO 220 included Managanro Logs 76 and 62. Log 32 was not included as it was not submitted timely with the required SC-1 form. Bulletin was submitted on 7/15/2019; log 32 with SC-1 form was received on 8/22/2019 |
| 10 | 33 | PCO #236 - South Stair Blocking | $1,221.00 | | | | X | X | | | | X | | X | X | RFQ was issued to Manganaro. SC-1 form was not received until 8/22/2019 work was performed in February of 2019. |
| 11 | 34 | PCO #250 - Kitchen Blocking | $1,084.00 | | | | X | X | | | | | X | X | X | out-of-sequence blocking by Manganaro |
| 12 | 35 | PCO #251 - Unit #135 Shower | $1,546.00 | | | | X | X | X | | | X | X | X | X | corrective work |
| 13 | 36 | PCO #252 - Window Damage | $993.00 | | | | X | X | X | | X | | X | X | X | B/C Custom Ornamental |
| 14 | 37 | PCO #257 - Cut Penetrations | $3,056.00 | | | | X | X | X | X | X | | X | X | X | Should refer to PCO 255. Work was performed in March and KBE did not receive the SC-1 form until 8/22/2019. |
| 15 | 39 | Bulletin #82 | $3,666.00 | X | X | | X | X | | | | | X | X | X | The Engineering Judgment installed in the field did not meet requirements of CD/Bldg Insp. Manganaro submitted another EJ and it was accepted, however, the field crew continued to install the EJ incorrectly in lieu of using the new/approved EJ and had to go back and correct their error. |
| 16 | 40 | PCO 200 | $298,394.00 | | | | X | X | X | | X | X | X | X | X | Mananaro installed incorrect material |
| 17 | 41 | Replace Board at Bathroom Locations | $8,416.00 | | X | | X | X | X | | | X | X | X | X | PCO 353 was submitted to UVA on 7/15/19 originally Denied by UVA as corrective work. Log 41 was not submitted with the SC-1 form until 8/22/2019. |
| 18 | 43 | PCO 200 | $8,671.00 | | X | | X | X | X | | | X | X | X | | |
| 19 | 44 | PCO 257 | $595.00 | | | X | X | X | X | X | | X | X | X | | Wrong PCO reference should be PCO 255. Work performed in April and SC-1 form not received until 8/22/2019 |
| 20 | 45 | Cut Penetrations for MEP | $2,872.00 | | | X | X | X | X | | X | X | X | X | X | |
| 21 | 46 | Stenciling Extra Work | $1,545.00 | | X | | X | X | X | | | | X | X | X | Contract work - life safety |
| 22 | 48 | PCO #200 | $1,393.00 | | | X | X | X | | | X | | X | X | X | |
| 23 | 49 | Bulletin 094 | $8,288.00 | X | | | | | | | | | | | | Incl. in SCO #45 - PCO 319 |
| 24 | 50 | PCO #289 | $3,465.00 | | | | X | X | | | X | | X | X | X | B/C Moore's |
| 25 | 51 | PCO #302 | $5,083.00 | | | | X | X | | | | X | X | X | X | corrective work |
| 26 | 52 | PCO #303 | $789.00 | X | | | | | | | | | | | | See SCO #43 |
| 27 | 54 | Bulletin 090 | $773.00 | | X | X | | X | X | | | | X | X | X | Not approved - UVA considered this corrective work; COR 107 submitted to UVA 7/15/2019; Log 75 submitted as complete breakdown of costs for ASK#16. Log 54 submitted to KBE with unsigned SC-1 form 5-9-2019. See also item 41, this is the item submitted and approved Log 75 |
| 28 | 56 | PCO 326 | $14,766.00 | | | | X | X | X | | | | X | X | X | Work performed in May; SC-1 received 8/22/2019 - not submitted to UVA - see email requesting the removal of Foreman time in PCO 326 folder. |
| 29 | 57 | PCO 148 | $5,831.00 | | | | X | X | X | X | | | X | X | X | Subsumed as part of OT reconciliation and audit . |
| 30 | 58 | PCO 289 | $10,565.00 | | | | X | X | X | | | | X | X | X | B/C Moore's |
| 31 | 59 | PCO 315 | $18,317.00 | | X | | X | X | X | | | | X | X | X | Out-of-sequence sheetrock |
| 32 | 60 | PCO 183 | $2,922.00 | | | | X | X | X | | | | X | X | X | Should have been included in SCO 11 regarding Bulletin 71 Apt Soffits in the amount of $10,355.00 per MMA proposal dated 2/8/2019. |
| 33 | 61 | PCO 200 | $1,766.00 | | | X | X | X | X | | | | X | X | X | |
| 34 | 62 | PCO 220 | $7,698.00 | | X | | X | X | | | | | X | X | X | UVA denied |
| 35 | 63 | Stenciling | $2,319.00 | | | X | X | X | | | | | X | X | X | Contract work - life safety |
| 36 | 66 | PCO #200 - Patching | $2,539.00 | | | X | X | X | | | X | X | X | X | X | |
| 37 | 70 | Bulletin #93 | $9,151.00 | X | | | | | | | | | | | | Incl. in SCO #44 PCO 376 COR 130 |
| 38 | 71 | KBE Trash Pick Up | $4,384.00 | | | X | | X | | | | | X | X | X | |
| 39 | 72 | Stencils and Center Stairs | $3,414.00 | | | X | | X | | | | | X | X | X | Contract work - life safety |
| 40 | 76 | PCO #289 - Patching | $9,027.00 | | | | X | X | | | X | | X | X | X | B/C Moore's |
| 41 | 75 | PCO #353 - ASK #16 | $8,287.00 | X | | | | X | | | | | | | | Bulletin 74 was issued to correct the install of the rated shaft - see folder PCO 220. |
| 42 | 76 | PCO #220 - RFI #448 | $1,748.00 | | X | | | X | X | | | | X | X | X | |
| 43 | 79 | PCO #200 | $14,831.00 | | | X | X | X | X | | X | | X | X | X | |
| 44 | 80 | Bulletin #101 (part 1) | $49,439.00 | X | | | | X | X | X | | | X | | X | Partial approval only: $9,675; PCO 366 requesting SS-1 form for Rencon dated 8/26/2019; not submitted properly or timely. |
| 45 | 82 | PCO #349 - Stocking From Boom Lift (pt 1) | $16,649.00 | | | | | | | X | | | | | | Backup not received until 5-13-2020 |
| 46 | 83 | PCO #373 - Moving Trash | $14,909.00 | | | X | | X | | | | X | X | X | X | Backup not received until 5-13-2020. Trash removal is in scope work. |

| # | No. | Description | Amount | C1 | C2 | C3 | C4 | C5 | C6 | C7 | C8 | C9 | C10 | C11 | C12 | C13 | Notes |
|---|-----|-------------|--------|----|----|----|----|----|----|----|----|----|-----|-----|-----|-----|-------|
| 47 | 84 | PCO #323 - Mold at P2 Stair | $2,844.00 | | | | | | | X | | | | X | X | X | Backup not received until 5-13-2020 |
| 48 | 85 | PCO #200 | $32,855.00 | | | X | X | X | X | X | | | X | X | X | X | X | |
| 49 | 86 | PCO #338 Added Bulkhead to Cover Pipe | $12,435.00 | X | | | | X | X | X | X | | | X | X | X | partial approval only. See SCO #22 log 74 and 23 log 67. Late cost submission - not received until 5-13-20. |
| 50 | 89 | PCO 200 KBE Direction on Misc. Activities | $73,901.00 | | | X | X | X | X | | | X | X | X | X | X | |
| 51 | 90 | PCO X15 & X17 Wing Walls | $4,151.00 | | | | | | X | X | | X | | X | X | X | B/C Sullivan |
| 52 | 92 | PCO 338 - Bulletin 96 | $2,891.00 | X | | | | | X | X | | | X | X | X | partial approval only. See SCO #22 log 74 and 23 log 67. Submitted costs of Bulletin 96 on 7/15/2019. Log 92 is dated 7/16/2019 and is an incomplete submission no SC-1 form is included. |
| 53 | 93 | PCO 353 - ASK 16 | $7,092.00 | | X | | | | X | X | X | | | X | X | X | Corrective work |
| 54 | 94 | PCO 444 - Sheating at column | $2,038.00 | | | | | | X | X | X | X | X | X | X | X | SC-1 was not received until 8-22-19. |
| 55 | 95 | PCO 406 - Raised Celing Pocket | $3,865.00 | | | X | | | X | X | X | | X | X | X | X | This work and the ASK that goes along with it was provided in a field report and is for corrective work |
| 56 | 96 | PCO 397 - ASK 17 Enclosure | $3,679.00 | | | | | | X | X | X | X | | X | X | X | Cost were not submitted by Manganaro on the required SC-1 form |
| 57 | 98 | PCO #245 - Horizontal Rated Pipe Enclosure | $3,600.00 | | | | | | X | X | X | X | | X | X | X | See explanation for item 56 above - same; no SC-1 form submitted. |
| 58 | 99 | PCO #275 - Laundry Room HOW Detail | $6,078.00 | | | | | | X | X | X | | X | X | X | X | submitted late |
| 59 | 100 | PCO #353 - Durock for Showers | $3,580.00 | | | | | | X | X | X | | X | X | X | X | submitted late and without SC-1 form. Bulletin 90 was issued and an RFQ was forwarded to Manganaro on 5/2/19. |
| 60 | 101 | PCO #379 - Framing to Cover SlabEdge | $6,868.00 | | | | | | X | X | X | | X | X | X | X | B/C Liphart. The log 101 was submitted on 7/26/2019 with no SC-1 form. |
| 61 | 103 | PCO #200 | $22,246.00 | | | X | | | X | X | X | X | | X | X | X | |
| 62 | 104 | PCO #200 | $60,645.00 | | | X | | | X | X | X | X | | X | X | X | |
| 63 | 105 | PCO #441 Framing For Fire Valve Wall | $2,767.00 | | | | | | X | X | X | | | X | X | X | SC-1 form submitted late. Base contract. |
| 64 | 106 | PCO #512 Shaftwall Field Connection | $6,084.00 | | | | X | | X | X | X | | | X | X | X | Base conract |
| 65 | 107 | PCO #440 - RFI #481 Added Control Joints at North Corridor | $3,839.00 | X | | | | | | | | | | X | X | X | See SCO 42 |
| 66 | 108 | PCO #353 Added Durock at Showers | $5,819.00 | | | | | | X | X | X | | | X | X | X | See explanation of item 100 - same reason. |
| 67 | 110 | PCO #200 | $3,177.00 | | | | | | X | X | X | | X | X | X | X | B/C Moore's |
| 68 | 111 | PCO #353 Pad Out ADA Showers at #615 | $1,937.00 | | | X | | | X | X | X | | X | X | X | X | Corrective work |
| 69 | 112 | PCO #200 | $26,733.00 | | | | X | | X | X | X | | X | X | X | X | |
| 70 | 113 | PCO #148 Damage Repair on OT | $7,090.00 | | | | | | X | X | X | X | | X | X | X | Subsumed as part of OT reconciliation and audit . |
| 71 | 115 | PCO #200 | $31,844.00 | | | X | | | X | X | X | | X | X | X | X | |
| 72 | 116 | Bulletin #101 (pt #2) | $2,670.00 | | | | | | X | X | X | | | X | X | X | late submission. |
| 73 | 117 | PCO #200 | $34,189.00 | | | X | | | X | X | X | | X | X | X | X | |
| 74 | 120 | Close Out WEO Tickets | $39,206.00 | | | X | | | X | X | X | | | X | X | X | |
| | | | $1,008,578.00 | | | | | | | | | | | | | | |