IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| **MANGANARO MIDATLANTIC, LLC** | ) | |
| | ) | |
|     **Plaintiff/Counter-Defendant,** | ) | |
| | ) | |
|     v. | ) | Civil Action No. 3:19-cv-00080 |
| | ) | |
| **KBE BUILDING CORPORATION,** *et al.,* | ) | |
| | ) | |
|     **Defendant/Counter-Plaintiff.** | ) | |
| | ) | |

**KBE BUILDING CORPORATION'S RESPONSES AND OBJECTIONS TO
MANGANARO MIDATLANTIC, LLC'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS**

Defendant/Counter-Plaintiff, KBE Building Corporation ("Defendant/Counter-Plaintiff" or "KBE"), through undersigned counsel and pursuant to Fed. R. Civ. P. 34(b)(2), hereby provides these objections and responses to the First Set of Requests for Production of Documents of Plaintiff/Counter-Defendant, Manganaro Midatlantic, LLC ("Plaintiff/Counter-Defendant" or "Manganaro"), and states upon information and belief:

INTRODUCTORY STATEMENT & RESERVATION:

KBE reserves the right to amend, revise, and/or modify the responses provided herein as discovery continues in this matter. By responding to these Requests, KBE does not waive and does specifically reserve the right to claim that any information provided herein is subject to attorney-client privilege, the work product doctrine, common interest privilege, joint-defense privilege, and/or any other applicable privilege or immunity. The statement that documents have been or will be produced in response to a particular request does not mean that KBE knows the document(s) exist or are in its possession, custody, or control. It means only that to the extend

documents exists, or they are in KBE's possession, custody, or control and are not privileged, they will be produced.

## GENERAL OBJECTIONS

By providing information and/or producing documents in response to these requests KBE does not concede that such information and/or document is relevant, material, or admissible in evidence. KBE reserves the right to object to the use of such information and/or documents as evidence.

KBE objects to each and every Document Request to the extent that they request KBE to "identify" documents because such request imposes duties inconsistent with duties prescribed by the Federal Rules of Civil Procedure and the Court's Local Rules, as applicable, and any discovery orders entered by the Court in this matter.

KBE objects to any request that requires it to disclose trade secrets or other confidential or proprietary development or commercial information, in the absence of a mutually agreeable protective order.

KBE objects to the Definitions and Instructions in Plaintiff/Counter-Defendant's Requests for Production of Documents to the extent they attempt or purport to place any greater burden upon or require KBE to take any action not required by the Rules of this Court or the case law interpreting those Rules.

KBE's General Objections are incorporated by reference into each specific objection. Without waiving the above-mentioned General Objections, KBE responds as follows:

## DOCUMENT REQUEST RESPONSES AND SPECIFIC OBJECTIONS

REQUEST NO. 1: All documents referred to in your Answers to Manganaro's First Interrogatories to you, served concurrently herewith.

**RESPONSE:** In addition to the General Objections, which are incorporated herein by reference, KBE objects to the extent that Request No. 1 seeks documents protected by the attorney client privilege, attorney work product, common interest privilege, joint-defense privilege or trial preparation doctrine. Subject to, and without waiving the foregoing and referenced objections, KBE states that, to the extent any such documents were referenced, it will produce all relevant, non-privileged documents in its possession that are responsive to this request.

REQUEST NO. 2: All documents that you contend support any allegation or claim that you are making in this litigation.

**RESPONSE:** In addition to the General Objections, which are incorporated herein by reference, KBE objects to the extent that Request No. 2 seeks documents protected by the attorney client privilege, attorney work product, common interest privilege, joint-defense privilege or trial preparation doctrine. Subject to, and without waiving the foregoing objections, KBE states that it will produce all pre-litigation relevant, non-privileged documents in its possession that are responsive to this request.

REQUEST NO. 3: All documents that you contend support any of your affirmative defenses.

**RESPONSE:** In addition to the General Objections, which are incorporated herein by reference, KBE objects that producing "[a]ll documents" is overbroad and unduly

burdensome. KBE objects to the extent that Request No. 3 seeks documents protected by the attorney client privilege, attorney work product, common interest privilege, joint-defense privilege or trial preparation doctrine. Subject to, and without waiving the foregoing objections, KBE states that it will produce all pre-litigation relevant, non-privileged documents in its possession that are responsive to this request.

REQUEST NO. 4: All communications between you and Manganaro concerning the Project and/or this litigation.

**RESPONSE**: In addition to the General Objections, which are incorporated herein by reference, KBE objects to Request No. 4 as vague and ambiguous, and that producing "[a]ll communications" is overbroad and unduly burdensome. KBE further objects that producing "[a]ll communications between [KBE] and Manganaro concerning the Project" is not proportionate to the needs of the case to the extent that seeks documents that are already within theits possession, custody and control. Subject to, and without waiving the foregoing objections, KBE states that it will produce all pre-litigation relevant, non-privileged documents in its possession that are responsive to this request.

REQUEST NO. 5: All communications between you and KBE concerning the Project and/or this litigation.

**RESPONSE**: In addition to the General Objections, which are incorporated herein by reference, KBE objects to Request No. 5 as vague and ambiguous, and that producing

"[a]ll communications" is overbroad and unduly burdensome. KBE further objects that producing "[a]ll communications between [KBE] and KBE concerning the Project" is vague, ambiguous, confusing and nonsensical.  . KBE objects to Request No. 5 to the extent that it seeks documents protected by the attorney client privilege, attorney work product, common interest privilege, joint-defense privilege or trial preparation doctrine, or any other applicable privilege.  Subject to, and without waiving the foregoing objections, KBE states that it will produce all pre-litigation relevant, non-privileged documents in its possession that are responsive to this request.

REQUEST NO. 6:  All communications between you and the Owner concerning the Project and/or this litigation.

**RESPONSE**:  In addition to the General Objections, which are incorporated herein by reference, KBE objects to Request No. 6 as vague and ambiguous, and that producing "[a]ll communications" is overbroad and unduly burdensome. KBE further objects that producing "[a]ll communications between [KBE] and the Owner concerning the Project" is not proportionate to the needs of the case to the extent that such communications are wholly unrelated to the issues in this case and would create an undue burden to Federal to produce. KBE objects to Request No. 6 to the extent that it seeks documents protected by the attorney client privilege, attorney work product, common interest privilege, joint-defense privilege or trial preparation doctrine, or any other applicable privilege.  Subject to, and without waiving the foregoing objections, KBE states that it will produce all pre-litigation relevant, non-privileged documents in its possession that are responsive to this request.

REQUEST NO. 7: All communications between you and any third party concerning Manganaro's work on the Project.

**RESPONSE: In addition to the General Objections, which are incorporated herein by reference, KBE objects to Request No. 7 as vague and ambiguous, and that producing "[a]ll communications between [KBE] and any third party" is overbroad and unduly burdensome. KBE further objects that producing "[a]ll communications between [KBE] and any third party concerning Manganaro's work on the Project" is not proportionate to the needs of the case to the extent that such communications are wholly unrelated to the issues in this case and would create an undue burden to Federal to produce.. KBE objects to Request No. 7 to the extent that it seeks documents protected by the attorney client privilege, attorney work product, common interest privilege, joint-defense privilege or trial preparation doctrine, or any other applicable privilege. Subject to, and without waiving the foregoing objections, KBE states that it will produce all pre-litigation relevant, non-privileged documents in its possession that are responsive to this request.**

REQUEST NO. 8: All documents concerning your schedule for performing the Prime Contract, including any modifications to that schedule.

**RESPONSE: In addition to the General Objections, which are incorporated herein by reference, KBE objects that Request No. 8 is vague and that producing "[a]ll documents" concerning the schedule for performance of the Prime Contract is overbroad and unduly**

burdensome. KBE objects to Request No. 8 to the extent that it seeks documents protected by the attorney client privilege, attorney work product, common interest privilege, joint-defense privilege or trial preparation doctrine, or any other applicable privilege. Subject to, and without waiving the foregoing objections, KBE states that it will produce all pre-litigation relevant, non-privileged documents in its possession that are responsive to this request.

REQUEST NO. 9: All documents concerning the schedule for Manganaro to perform the Subcontract, including any modifications to that schedule.

**RESPONSE**: In addition to the General Objections, which are incorporated herein by reference, KBE objects that Request No. 9 is vague and that producing "[a]ll documents" concerning the schedule for Manganaro to perform the Subcontract is overbroad and unduly burdensome. KBE objects to Request No. 9 to the extent that it seeks documents protected by the attorney client privilege, attorney work product, common interest privilege, joint-defense privilege or trial preparation doctrine, or any other applicable privilege. KBE objects to Request No. 9 as not proportionate to the needs of the case to the extent that Manganaro seeks documents that are already within its possession, custody and control. Subject to, and without waiving the foregoing objections, KBE states that it will produce all prelitigation relevant, non-privileged documents in its possession that are responsive to this request.

REQUEST NO. 10: All documents concerning any defect, incomplete work or other "punch list" item that you contend exists in Manganaro's work on the Project.

**RESPONSE: In addition to the General Objections, which are incorporated herein by reference, KBE objects that producing "[a]ll documents" is overbroad and unduly burdensome. KBE objects to the extent that Request No. 10 seeks documents protected by the attorney client privilege, attorney work product, common interest privilege, joint-defense privilege, trial preparation doctrine, or any other applicable privilege. KBE further objects that the terms "defect," "incomplete work," and "punch list" are vague and ambiguous. KBE objects to Request No. 10 as not proportionate to the needs of the case to the extent that Manganaro seeks documents that are already within its possession, custody and control. Subject to, and without waiving the foregoing objections, KBE states that it will produce all pre-litigation relevant, non-privileged documents in its possession that are responsive to this request.**

REQUEST NO. 11: All documents concerning any work that you contend Manganaro failed to complete under the Subcontract.

**RESPONSE: In addition to the General Objections, which are incorporated herein by reference, KBE objects to Request No. 11 as vague and ambiguous, and that producing "[a]ll documents" is overbroad and unduly burdensome. KBE objects to the extent that Request No. 11 seeks documents protected by the attorney client privilege, attorney work product, common interest privilege, joint-defense privilege, trial preparation doctrine, or any other applicable privilege. KBE objects to Request No. 11 not proportionate to the needs**

of the case to the extent that Manganaro seeks documents that are already within its possession, custody and control. Subject to, and without waiving the foregoing objections, KBE states that it will produce all pre-litigation relevant, non-privileged documents in its possession that are responsive to this request.

REQUEST NO. 12:  All documents concerning any cure notices issued to Manganaro with respect to the Project.

**RESPONSE:  In addition to the General Objections, which are incorporated herein by reference, KBE objects to Request No. 12 as vague and ambiguous, and that producing "[a]ll documents" is overbroad and unduly burdensome.  KBE objects to Request No. 12 as not proportionate to the needs of the case to the extent that Manganaro seeks documents that are already within its possession, custody and control. KBE further objects to the extent that Request No. 12 seeks documents protected by the attorney client privilege, attorney work product, common interest privilege, joint-defense privilege, trial preparation doctrine, or any other applicable privilege. Subject to, and without waiving the foregoing objections, KBE states that it will produce all pre-litigation relevant, non-privileged documents in its possession that are responsive to this request.**

REQUEST NO. 13:  All documents concerning your calculation of the delay to your completion of the Prime Contract that you contend Manganaro caused, if any.

**RESPONSE:** In addition to the General Objections, which are incorporated herein by reference, KBE objects to Request No. 13 as vague and ambiguous, and that producing "[a]ll documents" is overbroad and unduly burdensome. KBE objects to the extent that Request No. 13 seeks documents protected by the attorney client privilege, attorney work product, common interest privilege, joint-defense privilege, trial preparation doctrine, or any other applicable privilege. Subject to, and without waiving the foregoing objections, KBE states that it will produce all pre-litigation relevant, non-privileged documents in its possession that are responsive to this request.

REQUEST NO. 14: All documents concerning your calculation of damages alleged in the Counterclaim.

**RESPONSE:** In addition to the General Objections, which are incorporated herein by reference, KBE objects to Request No. 14 as vague and ambiguous, and that producing "[a]ll documents" is overbroad and unduly burdensome. KBE objects to the extent that Request No. 14 seeks documents protected by the attorney client privilege, attorney work product, common interest privilege, joint-defense privilege, trial preparation doctrine, or any other applicable privilege. Subject to, and without waiving the foregoing objections, KBE states that it will produce all pre-litigation relevant, non-privileged documents in its possession that are responsive to this request.

REQUEST NO. 15: All documents that you contend support your calculation of the deductive modifications or other back-charges KBE claims in regard to the Subcontract.

**RESPONSE: In addition to the General Objections, which are incorporated herein by reference, KBE objects to Request No. 15 as vague and ambiguous, and that producing "[a]ll documents" is overbroad and unduly burdensome. KBE objects to the extent that Request No. 15 seeks documents protected by the attorney client privilege, attorney work product, common interest privilege, joint-defense privilege, trial preparation doctrine, or any other applicable privilege. Subject to, and without waiving the foregoing objections, KBE states that it will produce all pre-litigation relevant, non-privileged documents in its possession that are responsive to this request.**

REQUEST NO. 16: The Prime Contract, including all modifications or amendments thereto.

**RESPONSE: KBE states that it will produce all pre-litigation relevant, non-privileged documents in its possession that are responsive to this request.**

REQUEST NO. 17: The Subcontract, including all modifications or amendments thereto.

**RESPONSE: In addition to the General Objections, which are incorporated herein by reference, KBE objects to Request No. 17 not proportionate to the needs of the case to the extent that Manganaro seeks documents that are already within its possession, custody and control. Subject to, and without waiving the foregoing objections, KBE states that it will**

**produce all pre-litigation relevant, non-privileged documents in its possession that are responsive to this request.**

REQUEST NO. 18: All requests for payments submitted by KBE to the Owner, including all supporting documentation submitted therewith.

**RESPONSE: In addition to the General Objections, which are incorporated herein by reference, KBE objects to Request No. 18 because it does not limit the request to payments associated with the Project or Prime Contract. For this reason, KBE objects to Request No. 18 as vague, ambiguous, overbroad, unduly burdensome, and not proportionate to the needs of the case. Subject to, and without waiving the foregoing objections, KBE states that it will produce all pre-litigation relevant, non-privileged documents in its possession that are responsive to this request.**

REQUEST NO. 19: All documents evidencing payments made by the Owner to KBE under the Prime Contract.

**RESPONSE: In addition to the General Objections, which are incorporated herein by reference, KBE objects to Request No. 19 as vague and ambiguous, and that producing "[a]ll documents" is overbroad and unduly burdensome. KBE objects to the extent that Request No. 19 seeks documents protected by the attorney client privilege, attorney work product, common interest privilege, joint-defense privilege, trial preparation doctrine, or any other applicable privilege. Subject to, and without waiving the foregoing objections,**

**KBE states that it will produce all pre-litigation relevant, non-privileged documents in its possession that are responsive to this request.**

REQUEST NO. 20: All documents evidencing payments made by KBE to Manganaro under the Subcontract or otherwise relating to the Project.

**RESPONSE: In addition to the General Objections, which are incorporated herein by reference, KBE objects to Request No. 20 as vague and ambiguous, and that producing "[a]ll documents" is overbroad and unduly burdensome. KBE objects to Request No. 20 as not proportionate to the needs of the case to the extent that Manganaro seeks documents that are already within its possession, custody and control. KBE further objects to the extent that Request No. 20 seeks documents protected by the attorney client privilege, attorney work product, common interest privilege, joint-defense privilege, trial preparation doctrine, or any other applicable privilege. Subject to, and without waiving the foregoing objections, KBE states that it will produce all pre-litigation relevant, non-privileged documents in its possession that are responsive to this request.**

REQUEST NO. 21: All documents pertaining to Manganaro's "Pending Open Change Orders" itemized at Exhibit 3 to the Complaint.

**RESPONSE: In addition to the General Objections, which are incorporated herein by reference, KBE objects to Request No. 21 because the reference to "Pending Open Change Orders" is vague and ambiguous. KBE objects that producing "[a]ll documents" is**

**overbroad and unduly burdensome. KBE objects to Request No. 21 as not proportionate to the needs of the case to the extent that Manganaro seeks documents that are already within its possession, custody and control. KBE further objects to the extent that Request No. 21 seeks documents protected by the attorney client privilege, attorney work product, common interest privilege, joint-defense privilege, trial preparation doctrine, or any other applicable privilege. Subject to, and without waiving the foregoing objections, KBE states that it will produce all pre-litigation relevant, non-privileged documents in its possession that are responsive to this request.**

Respectfully Submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

Dated: June 1, 2020  By:  /s/ Benjamin L. Williams
Benjamin L. Williams (VA Bar #88591)
607 14th Street, NW, Suite 900
Washington, DC 20005
(202) 481-9945 *telephone*
(202) 618-6356 *facsimile*
blwilliams@kilpatricktownsend.com

*Counsel for KBE Building Corporation*

# CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 1st day of June, 2020, a true and correct copy of the foregoing document was served via email and First Class mail, postage prepaid, upon the following:

Christopher A. Taggi
ASMAR, SCHOR & MCKENNA, PLLC
5335 Wisconsin Avenue, NW, Suite 400
Washington, DC 20015
ctaggi@asm-law.com

*Counsel for Manganaro Midatlantic, LLC*

Matthew Johnson (VA Bar #85094)
1233 20th Street, NW, 8th Floor
Washington, DC 20036
mjohnson@bonnerkiernan.com

*Counsel for Federal Insurance Company*

                                              /s/ Benjamin L. Williams
                                              Benjamin L. Williams