**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Charlottesville Division)**

| | |
|---|---|
| MANGANARO MIDATLANTIC, LLC, *et al.*,<br><br>*Plaintiff/Counter-Defendant*,<br><br>v.<br><br>KBE BUILDING CORPORATION, *et al.*,<br><br>*Defendant/Counter-Plaintiff.* | Case No. 3:19-cv-00080-GEC-JCH |

**JOINT MEMORANDUM IN OPPOSITION OF
KBE BUILDING CORPORATION AND FEDERAL INSURANCE COMPANY
TO MANGANARO MIDATLANTIC, LLC'S MOTIONS TO COMPEL DISCOVERY**

Defendant/Counter Claimant, KBE Building Corporation ( "KBE") and Defendant, Federal Insurance Company ("Federal"), through undersigned counsel, hereby jointly oppose the Motions to Compel Discovery dated November 20, 2020 (Dkt. Nos. 32 and 33) filed by Plaintiff, Manganaro Midatlantic, LLC ( "Manganaro") against each aforementioned Defendant.

A Motion to Compel should be utilized when, after first making a genuine good faith attempt to meet and confer, a party cannot obtain information or documents responsive to their discovery request. A Motion to Compel is not proper where, as here, a party fails to allow the parties any meaningful opportunity to explore a potential resolution to discovery issues, or just does not like the other party's objections or responses to discovery. For the reasons set forth herein, including the supplemental discovery responses recently produced to the Plaintiff in a good faith attempt to resolve Plaintiff's concerns, Plaintiff's Motions and the relief sought therein should be denied.

### I. RELEVANT BACKGROUND

1. KBE is the General Contractor on a $50 Million residence hall project called

Bond House on the campus of the University of Virginia in Charlottesville, Virginia. Manganaro entered into a $3.2 Million Subcontract agreement with KBE whereby Manganaro agreed to perform the rough carpentry, drywall, exterior façade, suspended ceiling and other related work on the Project.

2. Manganaro's Complaint alleges two causes of action: breach of contract claim (Count I) against KBE and a bond action against Federal and KBE (Count II). Through both counts, Manganaro seeks recovery of disputed claims of approximately $300,000 in contract balance and over $1.2 Million (more than 35% of its original contract) in alleged extra and additional work on the Project. Manganaro's claims consist largely of approximately 300 unsubstantiated and disputed field work tickets where the work is believed to have either been base contract work or not been performed; and if it were performed, then it was not by Manganaro, but would have been, at least in substantial part, by sub-subcontractors of Manganaro. To date, despite numerous requests by KBE and corresponding subcontract requirements, Manganaro has provided no actual cost verification or support for any of these extra work claims.

3. KBE has asserted a counterclaim with damages of over $500,000 due to, among other things, Manganaro's defective and non-conforming workmanship and its ultimate abandonment of its work on the Project. Moreover, KBE and Federal oppose Manganaro's claims based on numerous meritorious defenses, including the substantial absence of backup documentation to support Manganaro's entitlement and alleged costs. As surety, Federal subrogates to, and shares in, the same defenses as KBE to Manganaro's claims.

4. Manganaro's Motions to Compel were filed as part of the following important contextual backdrop:

a. KBE and Federal timely responded to Plaintiff's discovery requests on June 1, 2020.

b. Due in substantial part to the abandonment of the Project by the Plaintiff and its failure and refusal to return to the Project and complete its work, KBE has completed Manganaro's work on the Project on Manganaro's behalf. Previously, KBE repeatedly notified Manganaro of the deficiencies found in its work; has provided Manganaro the opportunity to return to the Project to complete and repair and/or correct its work and mitigate its damages; but Manganaro summarily refused KBE's invitation to do so.

c. The ongoing project work, made more difficult by the challenges of the COVID-19 pandemic, has monopolized and overstretched KBE's staffing resources and made the continuing issues in this case a "moving target."

d. Due, in large part, to Manganaro's claims, which by their nature implicate the work of a number of other subcontractors, other disputes were created (and in many cases other suits were filed in this Court), with other subcontractors on the Project, including but not limited to, Moore's Electrical and Mechanical Construction, Inc., Sullivan Mechanical Contractors Inc., Blair Dumond, Inc. and Atlantic Constructors, Inc.

e. KBE and Federal filed a Motion to Consolidate these cases on May 29, 2020, which Motion was granted by the Court on September 1, 2020 (Dkt. No. 31). No updated scheduling order was issued in this case following the consolidation of the more recently filed and consolidated cases.

f. In parallel, KBE aggressively and faithfully sought to mediate the disputes

with the various subcontractors and achieve a global resolution of the issues by and among the parties, including Manganaro. Initially, Manganaro agreed to mediate, but its counsel ultimately objected to a global mediation.

g. In addition to completing the Project, KBE has spent the better part of the last six months working hard in mediations and settlement negotiations with the various subcontractor claimants – successfully reaching settlements and dismissals of several cases before this Court with all save the two subcontractors in these consolidated proceedings: Atlantic Constructors, Inc. and Manganaro.

h. On July 21, 2020, Manganaro's counsel, Chris Taggi, represented that Manganaro would participate in mediation with KBE. He requested to select a mutually agreeable mediator and thereafter select mediation dates. KBE understood that mediation would occur. Furthermore, there was no mention by Manganaro's counsel of any deficiencies or objections with KBE's or Federal's discovery responses. In fact, since June and only with its more recent November letter, were any such "concerns" even raised by Manganaro and no follow-up or attempt to discuss these concerns was made by Manganaro.

i. Despite numerous attempts to follow up with Manganaro regarding mediation, Manganaro's counsel never responded, even when KBE requested that Manganaro propose a mediator following Mr. Taggi's opposing the mediator used by the parties in the other mediations. Meanwhile, KBE continued to pursue negotiated resolutions with the other subcontractors.

j. KBE heard nothing from Manganaro regarding the litigation or discovery until Manganaro – without any advanced notice or request- abruptly challenged KBE's and Federal's discovery responses in its letters of November 5, 2020 and the Motions to Compel quickly filed thereafter on November 20, 2020, at just before midnight on the Friday, November 18, 2020 and before the week of Thanksgiving. Manganaro's counsel made no attempt whatsoever to have a conversation or discussion about the matter.

k. Meanwhile, the Judge's Law Clerk was making inquiry with the Parties about scheduling, to which Manganaro's counsel never responded to undersigned counsel's inquiries or follow-up to Chambers. Efforts by KBE's counsel to contact Manganaro's counsel were unsuccessful.

l. Aside from outstanding documents, the issues raised in the Motions to Compel are largely in the nature of clarification or hyper technical, rather than practical or prejudicial, issues. They are issues which one could expect to have resolved through a simple phone call with counsel, but that call never came.

m. In response, KBE has updated its discovery responses and produced responsive documents and supplemental interrogatory responses to the Plaintiff on December 4, 2020, contemporaneous with the filing of this Opposition and in an attempt to address any legitimate concerns or issues.

n. Notwithstanding what KBE understood to be the parties' mutual interest in mediation, in order to keep within the Court's scheduling order deadlines, KBE also served discovery on Manganaro on December 1, 2020.

KBE and Federal contend that they are currently compliant with the requirements, spirit

and intent of the Discovery Rules, requests and process. If, and to the extent Manganaro contends differently, KBE and Federal remain prepared to reasonably discuss any further clarification needed and to enter into mediation or other form of ADR in the interim.

## II. ARGUMENT

### A. KBE'S DISCOVERY RESPONSES

KBE responds to each of Manganaro's purported discovery issues as follows:

1. Manganaro contends that KBE's response to **Interrogatory No. 1** lacked detailed address information and the subject matter of the information possessed by each named person.

    a. Response: KBE contends that the request is objectionable in its broad and vague nature, and its objections are reasonable. Nonetheless, KBE has provided supplemental address and subject matter information responsive to Manganaro's request, including updated information from KBE's initial responses, mooting any untimely Manganaro objection.

2. Manganaro contends that KBE's response to **Interrogatory No. 5** is not itemized and fails to provide specific reasons why Manganaro has not been paid.

    a. Response: KBE provided a detailed account summary in response to Interrogatory No. 3. Although it should be obvious to Manganaro, KBE has supplemented its responses to refer specifically to the itemization set forth in response to Interrogatory No. 3. To the extent it was not clear, KBE further supplemented its response to explain that KBE has not paid Manganaro due to the numerous defenses, backcharges, offsets and claims asserted by KBE, such that there is no money currently due and payable to Manganaro under the Subcontract or at law. KBE refers Manganaro to other Interrogatories where the details of

those defenses and backcharges are set forth. There is nothing unclear or improper about referring to the detailed responses of other interrogatory responses where the same or related responsive information has been conveyed.

3. Manganaro contends that KBE's response to **Interrogatory No. 6** is insufficient because it contends that the information provided by KBE is "lengthy and confusing."

   a. <u>Response</u>:

      i. At no time did Manganaro reach out to seek clarification to responses that it had for 5 months, and the details of what Manganaro finds "confusing" about KBE's response remains unclear. KBE remains open and willing to provide further reasonable clarification, but Manganaro needs to add clarity to its concerns. Given that Manganaro has not provided contractually-required backup and support documentation for its claims, the information upon which KBE is forced to rely in evaluating Manganaro's claimed entitlement and costs is extremely limited – and thus KBEs response is necessarily limited. If, and when, Manganaro provides further information on its claims, whether informally or in response to KBE's discovery requests, KBE's responses can be supplemented.

      ii. Although KBE contends that its response to Interrogatory No. 6 is responsive, KBE has further supplemented and attempted to clarify, its response in an attempt to make the stated defenses more clear. This should moot this concern.

4. Manganaro contends that KBE's response to **Interrogatory No. 7** is insufficient because Manganaro feels KBE has not identified the value of Manganaro's pending

change orders.

   a. <u>Response</u>. Manganaro's breach of contract claim places the burden of proof for its damages on Manganaro, not KBE. To the extent KBE's position and defenses to the entitlement and/or the costs associated with Manganaro's claims is unclear or required, it has been addressed with respect to KBE's supplemental response to Interrogatory No. 6. As stated above, Manganaro is responsible for substantiation of its claims. Unless and until that information is provided to KBE per the terms of the Subcontract (and now via KBE's discovery requests propounded on Manganaro), KBE is not reasonably able to provide a more detailed response. See also the supplemental information provided in response to Interrogatory No. 6 as referenced above.

5. Manganaro contends that KBE's response to **Interrogatory No. 8** is insufficient because it "feels" that KBE did not specifically answer whether KBE contends that the Owner is responsible for any of Manganaro's pending change orders.

   a. <u>Response.</u> To the extent it was unclear, which KBE disputes, KBE has revised its response to indicate that it is Manganaro's burden to establish entitlement for its change orders requests, inclusive of causation, and that KBE has not contended, and does not contend, that any of Manganaro's pending change orders are valid and should be paid by UVA. This is further elucidated in KBE's supplemental information provided in response to Interrogatory No. 6, as referenced above. This concern is moot.

6. Manganaro contends that KBE's response to **Interrogatory No. 9** is insufficient because it contends that KBE did not specifically indicate whether the Contract Time was

revised under the Prime Contract.

    a. <u>Response</u>.  Although that responsive information was previously provided, KBE has now further supplemented its response to clarify the status of time extensions, thereby mooting this concern.

7. Manganaro contends that KBE's response to **Interrogatory No. 10** is insufficient because it feels KBE did not specifically indicate what each payment from UVA was for.

    a. <u>Response</u>.  KBE has supplemented its response to clarify that each payment was for a corresponding payment requisition from KBE to UVA for the project, copies of which have been provided to Manganaro as part of the documents produced by KBE.

8. Manganaro contends that KBE's response to **Interrogatory No. 14** is insufficient solely because KBE refers to the substantive responses of other Interrogatories that contain the responsive information.

    a. <u>Response</u>.  There is nothing improper or unclear about referring to the detailed responses of other interrogatories to avoid lengthy and unnecessarily repetitive responses.  KBE maintains that its response is both responsive and compliant with the rules governing discovery, and that no supplementation is needed. Nonetheless, if Manganaro has specific questions or seeks clarification (which it has not done), KBE is willing to entertain a discussion and provide reasonable supplemental information for that purpose.  The case law cited by Manganaro stands for the proposition that it is improper to answer an interrogatory by reference to a large volume of documents. That is inapposite to the situation here. Rather, KBE referenced specific answers interrogatories that contained responsive

9

information. These references are specific, contain limited information, and adhere to the spirit of Rule 33 of the Federal Rules of Civil Procedure.

9. Manganaro contends that KBE's response to **Interrogatory No. 16** is insufficient because KBE refers to the substantive responses of other Interrogatories that contain the responsive information.

    a. <u>Response</u>. Again, KBE is not aware of any rule that makes it improper or unclear to refer or incorporate the detailed responses of other interrogatories to avoid lengthy and unnecessary repetition. KBE contends that its response is both responsive and compliant with the rules governing discovery, and that no supplementation is needed. Nonetheless, if Manganaro has specific questions or seeks clarification (which it has not done), KBE is willing to entertain a discussion and provide reasonable supplemental information for that purpose. The case law cited by Manganaro stands for the proposition that it is improper to answer an interrogatory by reference to a large volume of documents. That is inapposite to the situation here. Rather, KBE referenced specific answers interrogatories that contained responsive information. These references are specific, contain limited information, and adhere to the spirit of Rule 33 of the Federal Rules of Civil Procedure.

**B.  FEDERAL'S DISCOVERY RESPONSES**

1. Manganaro contends that Federal's references to KBE's response in **Interrogatory Nos. 1 and 3-16** are insufficient. Points 2 and 3 in Manganaro's motion regarding some of these Interrogatory requests are redundant and substantively make the same objection, as such Defendants respond globally to those same or repetitive objections and

concerns.

      a. <u>Response</u>. The claims by Manganaro against both KBE and Federal are the same. Manganaro must first be entitled to payment from KBE before it has valid entitlement under the bond. As surety, Federal is subrogated to, and can rely upon, the facts and defenses of KBE with respect to the claims at issue. There is nothing improper or unclear about Federal's incorporation by reference of KBE's substantive responses, and Federal is free to adopt them as it sees fit. Additionally, requiring Federal to supplement its discovery responses without reference to KBE's substantive responses would be trivial considering the information is the same. As noted above, KBE has also supplemented its responses with respect to the information requested, which in turn are further responses that benefit Federal. As such, there is no basis for objection to Federal's responses and no further revision is needed.

2. With respect to document production, Federal has produced documents responsive to Manganaro's request on December 4, 2020. It is notable that, aside from its initial letter to the surety, Manganaro did not provide any proof of claim or further information to the surety, but instead, immediately initiated suit. As a result, the surety's records are limited in relation to Manganaro's bond claim.

## **CONCLUSION**

For the reasons set forth above, Manganaro's Motions to Compel should be denied as (a) untimely; (b not filed in good faith; and (c) avoidable if Manganaro had made good faith attempts to consult with KBE and Federal prior to filing.

11

Dated: December 4, 2020					Respectfully submitted,

                        KILPATRICK TOWNSEND & STOCKTON LLP

                        /s/ Benjamin L. Williams
                        Benjamin L. Williams (VSB No. 88591)
                        KILPATRICK TOWNSEND & STOCKTON LLP 607 14th Street, N.W., Ste. 900
                        Washington, D.C. 20005
                        Tel: (202) 481-9940
                        Fax: (202) 204-5628
                        blwilliams@kilpatricktownsend.com

                        *Counsel for KBE Building Corporation*


                        KIERNAN TREBACH, LLP

By:   /s/ Matthew Johnson
                        Matthew Johnson (VA Bar #85094)
                        1233 20th Street, NW, 8th Floor
                        Washington, DC 20036
                        (202) 712-7000 *telephone*
                        (202) 712-7100 *facsimile*
                        mjohnson@kiernantrebach.com

                        *Counsel for Federal Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of December, 2020, a copy of the foregoing document was served via the Court's ECF/CM system upon the following:

    Christopher A. Taggi
    Asmar, Schor & McKenna, PLLC
    5335 Wisconsin Avenue, NW, Suite 400
    Washington, DC 20015
    ctaggi@asm-law.com

    *Counsel for Manganaro Midatlantic, LLC*

    William R. Mauck, Jr., Esq.
    Patricia Bugg Turner, Esq.
    Spotts Fain PC
    411 East Franklin Street, Suite 600
    P.O. Box 1555
    Richmond, Virginia 23218
    bmauk@spottsfain.com
    pturner@spottsfain.com

    *Counsel for Atlantic Constructors, Inc.*

    */s/ Benjamin L. Williams*
    Benjamin L. Williams