IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

MANGANARO MIDATLANTIC, LLC

Plaintiff,

v.   Case No. 3:19-cv-00080-GEC-JCH

KBE BUILDING CORPORATION, *et al.*

Defendants.

**MANGANARO'S OPPOSITION
TO KBE BUILDING CORPORATION'S MOTION TO COMPEL
PLAINTIFF'S RESPONSES TO REQUESTS FOR ADMISSION**

Manganaro MidAtlantic, LLC ("Manganaro"), in opposition to the Motion to Compel Plaintiff's Answers to Interrogatories and Requests for Production of Documents ("Motion") filed by Defendant KBE Building Corporation ("KBE") on March 9, 2022 states the following:

**Brief Facts and Procedural History**

This matter concerns disputes arising from the construction of a residence hall on the campus of the University of Virginia in Charlottesville, Virginia ("Project"). KBE served as the general contractor on the Project and Manganaro served as a subcontractor. Manganaro seeks to recover more than $1.5 million from KBE on a breach of contract claim and from Federal Insurance Company ("Federal"), a surety in this matter, on a claim against the payment bond.

After various attempts at settlement among the parties, and significant Covid-19-related procedural delays, this case remains unresolved and has been scheduled for a two-week bench

1

trial set to begin on April 4, 2022.[1] Currently, both Manganaro and KBE have respective Motions to Compel pending before the Court and both are preparing for trial.

In its Motion, KBE complains that Manganaro has provided deficient interrogatory answers and improperly objected to its various requests for production of documents. Manganaro maintains that KBE's discovery requests are overly broad, unduly burdensome, disproportionate to the needs of the case, irrelevant, and/or otherwise not in accordance with Federal practice and procedure. Manganaro also asserts that KBE is improperly using its interrogatories and requests for production in this litigation to force Manganaro to expend exorbitant fees in the discovery process and to delay the litigation of its case.

## Legal Argument

Under FRCP 26, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and ***proportional to the needs of the case***, considering the importance of the issues at stake in the action, the amount in controversy, the ***parties' relative access to relevant information, the parties' resources***, the importance of the discovery in resolving the issues, and ***whether the burden or expense of the proposed discovery outweighs its likely benefit***." Fed. R. Civ. P. 26(b)(1) (emphasis added).[2]

"On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is

---

[1] Discovery efforts in this case were temporarily suspended while the parties prepared for a settlement conference, which took place on February 23, 2022, but did not lead to a resolution of the underlying matters.

[2] "Rule 26(b)(1) has been amended to add a sentence to deal with the problem of over-discovery. The objective is to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry. The new sentence is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse. The grounds mentioned in the amended rule for limiting discovery reflect the existing practice of many courts in issuing protective orders under Rule 26(c)." Fed. R. Civ. P. 26 (Advisory Committee Notes).

***unreasonably cumulative or duplicative***, or ***can be obtained from some other source that is more convenient, less burdensome, or less expensive***; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) ***the proposed discovery is outside the scope permitted by Rule 26(b)(1)***." Fed. R. Civ. P. 26(b)(2) (emphasis added).[3]

Here, KBE is attempting to bury Manganaro in discovery and to force Manganaro to substantively prove the elements of its case to KBE before this matter reaches trial. Manganaro provided detailed substantive answers to most of KBE's interrogatories, but, as Manganaro previously stated, it is not obligated to respond to more than the permissible number of interrogatories, which under FRPC 33 is limited to twenty-five. FRCP 33(a)(1). This limit includes "all discrete subparts" of the interrogatories. *Id*. A close review of KBE's interrogatories to Manganaro reveals that KBE greatly exceeded this number with its lengthy multiple-part questions seeking to discern "each and every fact" related to that issue. [4]

Furthermore, Manganaro continues to object to KBE's request for answers and responses on matters that are not relevant to the primary issues in this case – payments/non-payments of change orders. Additionally, despite its express acknowledgement that Manganaro's production of Extra Work Orders in this case was "voluminous," spanning more than 900 pages, KBE continues to seek even more documents that are peripheral to this case and that KBE

---

[3] *See also Goard v. Crown Auto, Inc*., No. 6:15-CV-35, 2017 WL 6381703, at *2 (W.D. Va. Jan. 5, 2017).

[4] "Courts repeatedly hold that these 'blockbuster interrogatories' are unduly burdensome on their face. *See, e.g.*, *FTC v. Ivy Capital, Inc.*, No. 2:11–cv–00283–JCM–GWF, 2012 WL 1883507, at *9 (D. Nev. May 22, 2012) ('[B]lockbuster interrogatories are unduly burdensome on their face.'); *Hilt v. SFC Inc.*, 170 F.R.D. 182, 186–87 (D. Kan. 1997) (describing interrogatories that ask for 'each and every fact' combined with the 'identification of each knowledgeable person and supporting document' as 'blockbuster interrogatories' that are overly broad and unduly burdensome)." *Wheeler v. Virginia*, No. 7:17-CV-337, 2018 WL 10611693, at *2 (W.D. Va. Sept. 11, 2018).

undoubtedly does not plan to review before trial.[5] For example, KBE's request for identification of "all communications" regarding a particular issue are not proportional to the needs of this case.[6] The Court must consider the size and scope of this construction endeavor – building a student residence hall for the University of Virginia. This was a construction project of great breadth and duration with many, many project and administrative personnel involved over the span of years. Broad sweeping interrogatories or requests that are not narrowly tailored to the needs of the case are asking Manganaro to perform herculean efforts and are burdensome and prejudicial.

Additionally, the Court should consider that KBE, as general contractor on this project, has a lot more resources than Manganaro, a subcontractor. As this Court has noted before, "[t]he broad discovery permitted by the Rules is then limited by proportionality and burden." *CFA Inst. v. Am. Soc'y of Pension Pros. & Actuaries*, No. 3:19-CV-00012, 2020 WL 555391, at *4 (W.D. Va. Feb. 4, 2020). Here, even if some of the peripheral information that KBE seeks has some minor relevance to the issues in this case, this relevance is overcome by the labor and financial burden imposed on Manganaro by the sweeping nature of its discovery requests.

KBE's attempts to box Manganaro in using discovery is prejudicial and not in accordance with Federal practice and procedure. For the foregoing reasons, and for the reasons stated in Manganaro's Objections to KBE's Motion, Manganaro respectfully requests that the Court sustain its objections and deny the Motion. Should the Court find any of the contested

---

[5] KBE's Memorandum in Support of Motion to Compel Plaintiff's Responses to Requests for Admission, pgs. 2, 13.
[6] *See* Manganaro's Responses to KBE's Interrogatories, Interrogatory No. 5.

Interrogatories or Requests to be proper, Manganaro respectfully requests that the Court enter a Protective Order clarifying and limiting their scope.[7]

Furthermore, Manganaro requests oral argument on this Motion and an award of reasonable fees and costs it has incurred in spending additional time and resources in contesting this Motion.


Dated: March 16, 2022                                       Respectfully submitted,

                                                                        _____/s_____
                                             Christopher A. Taggi (VA Bar 41953)
                                             Asmar, Schor & McKenna, PLLC
                                             5335 Wisconsin Ave., NW Suite 400
                                             Washington, DC 20015
                                             T: 202-244-4264
                                             F: 202-686-3567
                                             Email: ctaggi@asm-law.com
                                             *Counsel for Manganaro Midatlantic, LLC*

## CERTIFICATE OF SERVICE

I certify that on March 16, 2022, I will file this document with the Court's ECM/ECF system, which will send a notice of filing to all counsel of record.

                                                                        _____/s_____
                                             Christopher A. Taggi (VA Bar 41953)
                                             Asmar, Schor & McKenna, PLLC
                                             5335 Wisconsin Ave., NW Suite 400
                                             Washington, DC 20015
                                             T: 202-244-4264
                                             F: 202-686-3567
                                             Email: ctaggi@asm-law.com
                                             *Counsel for Manganaro Midatlantic, LLC*

---

[7] "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense..." Fed. R. Civ. P. 26(c).